## In re ADOLF GOBEL, Inc.

No. 287.

Circuit Court of Appeals, Second Circuit.

April 5, 1937.

Guggenheimer & Untermyer, of New York City (Abraham Shamos, of New York City, of counsel), for appellant.

Gleason, McLanahan, Merritt & Ingraham, of New York City (Burgess Osterhout, of New York City, of counsel), for Adolf Gobel, Inc., debtor.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

On April 25, 1935, the appellant's intestate was accidentally killed by a truck being operated in the State of New York on the business of Adolf Gobel, Inc. The next day Adolf Gobel, Inc., filed its petition for reorganization under section 77B of the Bankruptcy Act (11 U.S.C.A. § 207).

On June 13, 1935, the appellant secured an ex parte order permitting him to prosecute a state court action for the alleged wrongful act of the defendant resulting in the death of his intestate and thereafter did institute such an action in the Supreme Court for Kings County on June 25, 1935. The debtor appeared in that action and answered. Issue was joined on July 23, 1935.

Meanwhile, on July 3, 1935, an order was made in the debtor's 77B proceedings designating a special master to receive claims and setting August 31st as the last day for filing them. This was later changed to December 31, 1935. On August 6, 1935, appellant filed a verified proof of claim pursuant to this order which contained a power of attorney authorizing his attorneys to act for him fully in respect thereto. On October 18, 1935, appellant caused his state court action to be placed on the calendar for trial by jury at the November term and also obtained an order of preference but the action has not as yet been tried. Notwithstanding the previous ex parte order allowing him to prosecute the suit, appellant on November 25, 1935, obtained another order to like effect which, however, contained a clause providing, "that nothing herein contained shall be deemed or construed to extend the time to file claims against the debtor herein, or otherwise affect the administration of the debtor's property in this proceeding."

On December 27, 1935, the debtor filed its plan of reorganization which was modified on January 15, 1935, and later approved and confirmed by the court. On February 13, 1936, an order was made terminating the proceedings "except to the extent necessary for debtor to carry out the modified plan and for the hearing and determination of claims against debtor and its prop-

172

erties which have not yet been proved or allowed."

The claim of the appellant having been objected to, on September 17, 1936, an order was made referring that with others to the special master to hear and report. We granted leave to appeal from this order and that is now here for review.

It appears that the debtor was insured at the time of the death of the appellant's intestate against loss from liability for such death in an amount equal to the damages claimed.

It has been argued that regardless of the pendency of the appellant's suit in the state court brought after leave so to do had been duly obtained, his filing of the claim in the 77B proceedings was a submission to that jurisdiction leaving him no ground for insistence upon having his claim liquidated in the pending suit and the attempt made to distinguish Foust v. Munson S. S. Lines, 299 U.S. 77, 57 S.Ct. 90, 81 L.Ed. ——, because of that.

We think the order appealed from is clearly the equivalent of an order revoking his leave to prosecute the state court action. It compels him to proceed to liquidate his claim before the special master and if he established it there his right to collect it from the insurer under section 109 of the New York Insurance Law (Consol.Laws, c. 28) would be subject to the same doubt as that mentioned in the opinion in the Foust Case. The probability that this debtor will be financially able to pay any claim allowed does not meet this objection. Whether the appellant be allowed to try his suit in the state court or not is a matter within the sound discretion of the court where the 77B proceedings are still pending and that discretion should be exercised by a just balancing of advantage against disadvantage to all concerned. Here, in view of the above mentioned decision, we are convinced that the exercise of sound discretion required permitting the appellant to liquidate his claim in his pending action at law since that will preserve the added assurance afforded by the debtor's liability insurance that the claim will be paid if established by judgment and there is no good reason to believe that by so doing any unreasonable hindrance or delay will result in respect to the 77B proceedings. As to them nothing remains to be done except the liquidation of a few disputed claims.

Order reversed.