**LAYTON v. THAYNE (two cases).**

Nos. 2889, 2892.

Circuit Court of Appeals, Tenth Circuit.

July 26, 1944.

Writ of Certiorari Denied Dec. 11, 1944

See 65 S.Ct. 277.

Elmer McClain, of Lima, Ohio (J. D. Skeen and E. J. Skeen, both of Salt Lake City, Utah, on the brief), for appellant.

Karl V. King, of Salt Lake City, Utah, for appellee.

Before BRATTON, HUXMAN, and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

It would seem that it should be possible to administer an ordinary farmer-debtor proceeding under Section 75 of the National Bankruptcy Act, 11 U.S.C.A. § 203, in eleven years, and settle all questions of law that could be raised within that time. When this case was last before us, more than a year ago, we expressed a hope that the proceedings would be concluded without further unnecessary delay. See Layton v. Thayne, 10 Cir., 133 F.2d 287. But that hope seems to have been in vain, because here it is again.

While the facts are narrated in detail in our former opinion, a concise statement may be helpful in bringing us a clear view of the questions presented this time. Appellant was the owner of farm lands in Utah encumbered with a first mortgage of $5,000 to the Davis County Bank, and with a second mortgage of $3,500 to the Rural Rehabilitation Corporation. This second mortgage was assigned to William J. Thayne, appellee herein. Neither mortgage was paid. Appellee instituted foreclosure proceedings on his second mortgage without joining the holder of the first mortgage. Shortly after the institution of this action, appellant deeded the property to his wife. Judgment was entered and the property was sold and bid in by appellee for the amount of his claim. No redemption was made, and in due course of time a sheriff's deed was issued to appellee, and he was put in possession of the property. Thereafter, the Davis County Bank, the holder of the first mortgage, foreclosed its mortgage. Both Layton and Thayne were joined as parties defendant. Judgment was taken against appellant for the amount due and the property was sold and bid in by the bank for $180.46 less than the amount of its judgment against appellant. As a result of the unsatisfied judgment of $180.46, appellant remained a judgment debtor. Appellee entered into a contract with the bank after it had bid in the property, to protect, as he claims, his right of redemption as the owner of the property under his sheriff's deed, in the event redemption should be attempted under the first mortgage foreclosure proceeding. It is not necessary to the determination of the question presented by this appeal to further set out in detail the terms of that contract.

Notwithstanding the fact that appellant had lost the title, as well as the possession of the land in question, as a result of the issuance of a sheriff's deed in the second mortgage foreclosure proceeding, appellant claimed the right to redeem from the bank's foreclosure and also claimed the right to have the land itself brought back into this proceeding and have both administered herein. We held in the former appeal that he had lost all title to the farm and was not entitled to have it brought back into these proceedings. We further held that as a judgment debtor he had the right of redemption under the laws of Utah and that this right should be administered in this proceeding (see Layton v. Thayne, supra), and we remanded the case to the trial court for that purpose.

When the case was returned to the lower court, it entered an order giving creditors who had a right to redeem until October 16, 1943, in which to redeem or tender redemption to the proper state officials from the sale had in the foreclosure proceedings in the state court. The order authorized the state court to exercise its jurisdiction for the purpose of determining the redemption rights of redemptioners, but not as to the time within which redemption might be made. Appellant had also filed a petition asking the court to order the property sold as a part of the administration of his right of redemption in this proceeding. This petition was denied. The appeal in No. 2889 is taken from the order authorizing the state court to exercise its jurisdiction in determining the right of redemptioners and from the order refusing to have the property sold in this proceeding as a part of the redemption by appellant.

After the court had fixed the period within which redemption could be made in the state court, both appellant and appellee attempted to redeem by tendering the amount due on the bank's certificate of purchase. The bank thereupon filed an application in the state court proceeding ask-

ing the state court to determine the right of redemption as between appellant and appellee, and asking that they be required to appear and assert their respective rights to redeem.

After the appeal had been taken in No. 2889, appellant filed a petition in the lower court setting out his attempts to redeem and praying that the court require the bank and the sheriff to set out the sum bid for the property and all rentals and profits received from the property; that such receipts be credited on the sum bid; and that the court fix a time for the payment of the sum found and for the redemption of the property, and that upon the payment of said sum the court order and decree that the title and possession of the property be delivered to appellant, free and clear from all claims. This appeal is taken from an order of the court denying the prayer of this petition. The two cases were consolidated in this court.

The only question decided by us in the former decision was that appellant had a right of redemption which he had a right to have administered in this proceeding. We did not decide that he had the sole or exclusive right of redemption, or even that he had a superior right of redemption. These questions were not before us for consideration. Neither was the right of appellee to redeem under his contract with the bank before us for decision.

We cannot now say, nor do we know, which of these two parties has the superior right of redemption. The answer to that question depends upon state law. There is no doubt as to the jurisdiction of the lower court to itself have determined these questions in this proceeding. The only question is, did the lower court commit error in requiring the parties to complete redemption in the state court proceeding and have these questions determined there?

■ When a federal court should stay its hand and require parties to litigate questions of purely state law in a state court is a question that has received much consideration at the hands of federal courts. The late decision of the Supreme Court in Meredith v. Winter Haven, 320 U.S. 228,

64 S.Ct. 7, contains a very full discussion of the entire subject. It is pointed out that the mere fact that questions of state law have not been decided or are difficult of ascertainment does not in itself afford a sufficient ground for refusing to exercise federal jurisdiction. It is, however, stated that when there is a case pending in a state court in which the parties in the federal courts are also present, which involves the identical questions, it is the duty of the federal court to require the parties to litigate questions of purely state law in the state court. Redemption itself is a purely ministerial act. It involves no exercise of judicial discretion. All that it requires is a mathematical computation of the amount due. When, as here, a question arises as to who has the right or the superior right of redemption, the answer must be sought and found in the state law, and the determination should be made there when, as here, there is a proceeding pending in the state court in which the question first arose between the same parties who are present in the federal court. The lower court did not misinterpret the effect of our mandate. It fully administered appellant's right of redemption by fixing a time within which he could redeem, and then requiring him to make his redemption in the state court action where it rightfully belongs.

■ Complaint is made because the court did not order the property sold and the proceeds thereof used to satisfy the certificate of purchase of the bank and pay the balance to appellant. This the court had no power to do. All that appellant had was the right to redeem. This right was administered by the court by fixing a time within which appellant could redeem. To redeem is "to purchase back; to regain, as mortgaged property by paying what is due; to receive back by paying the obligation." Bouv. Law Dict., Rawle's Third Revision, vol. 2, page 2852. Redemption cannot be made by ordering property resold after it has been sold under mortgage foreclosure and a certificate of purchase is outstanding.

The judgments of the trial court are affirmed.