Matter of **TERRACE LAWN MEMORIAL GARDENS, a corporation.**

**TERRACE LAWN MEMORIAL GARDENS, a corporation, Appellant,**

v.

**A. H. DOTY & ASSOCIATES et al., Appellees.**

**No. 15847.**

United States Court of Appeals Ninth Circuit.

March 20, 1958.

Jess B. Hawley, Jr., Boise, Idaho, Warwick C. Lamoreaux, Salt Lake City, Utah, for appellant.

Richards, Haga & Eberle, Boise, Idaho, Donald C. McKinlay, Denver, Colo., J. L. Eberle, W. D. Eberle, T. H. Eberle, Boise, Idaho, for appellee.

Before POPE, FEE and HAMLEY, Circuit Judges.

JAMES ALGER FEE, Circuit Judge.

A petition for reorganization was presented by Terrace Lawn Memorial Gardens, verified by Dhority, as President of the corporation, pursuant to authorization of its present Board of Directors of record. The District Court, upon ex parte presentation, found good faith and approved the petition. The order expressly enjoined proceedings in the state courts, hereinafter outlined. Later a motion to dismiss this petition was filed by John A. Pace and A. H. Doty, but this motion is presently held in abeyance pending other developments.

The federal District Court modified its previous order on motion of Doty and Pace, and thereby permitted litigation above noted, which had previously been pending in the state courts for many months, to proceed to trial. Appeal by Terrace Lawn followed.

This Court first restrained further proceedings in the tribunals of the state and later dissolved this ban upon the agreement of the parties to expedite hearing on the appeal and hold all other litigation in statu quo until disposition here, except for formal matters. The appeal has now been submitted by argument for decision.

The questions before us are in essence: (1) Did appeal lie from the order of modification? (2) If so, did the federal court have discretion to enter the order? (3) If discretion existed, was there an abuse thereof? (4) And, as bearing upon the latter question, what effect would the determination of the state courts have upon the proceeding in reorganization and in the federal court and upon final appeal here?

On July 10, 1957, A. H. Doty and Associates filed a complaint against Terrace Lawn, Dhority and others in the District Court of the State of Idaho, County of Ada. The amended complaint, filed in August, 1957, alleged the existence of a land purchase contract between the parties and an agreement made pursuant thereto whereby proceeds of cemetery lot sales would be divided by formula with portions being deposited in specified trust accounts and a portion to be paid to plaintiff. It was alleged that the payments due plaintiff and the requisite deposits had not been made. Accordingly, plaintiff prayed for an accounting of the funds and property of the corporation and payment of the amounts due.

In answer, Terrace Lawn and Dhority denied some of the allegations and set forth affirmative defenses, one of which was that the agreement in dispute was part of a loan transaction between the parties, which, by its terms was usurious under Idaho law and therefore void. A cross-complaint was also set up for the recovery of the usurious interest.

That same month, John A. Pace, claiming ownership of fifty shares of the Terrace Lawn corporation issued to Dhority, petitioned for a writ of mandamus, praying that the corporation be required to show the transfer of that stock on its books, in order that Pace might vote in the imminent shareholders' meeting.

Subsequently, Terrace Lawn and Dhority amended the aforementioned answer and cross-complaint by adding another cause of action. It was alleged that the stock claimed by Pace, the entire outstanding shares of the corporation, had been endorsed in blank and pledged by Dhority as collateral security for the alleged usurious loan. After depositing the stock in escrow according to agreement, it was averred that plaintiff had unlawfully foreclosed the pledge and attempted by a fictitious sale to transfer the stock to Pace, who had full knowledge of the usurious loan and other transactions between the parties. An injunction prohibiting alienation of the stock was sought in the prayer.

Pursuant to the request of Terrace Lawn and Dhority, the state court, on August 16, 1957, issued a restraining order prohibiting Doty and Pace from holding any corporate meetings or alienating any Terrace Lawn stock issued to Dhority.

The parties then agreed that the issue of stock ownership would be determined in the original accounting action.

On December 27, 1957, the state court issued an order enjoining defendants from taking any action that would affect the status quo of Terrace Lawn corporation until final determination of the case.

The petition for reorganization of Terrace Lawn corporation, pursuant to Chapter X of the Bankruptcy Laws, was filed in the federal District Court December 30, 1957.

■ The analogy of the right granted a litigant to appeal pursuant to 28 U.S. C.A. Section 1292, from an order modifying or denying an injunction, would be persuasive. However, in bankruptcy proceedings a much milder rule as to appeal from interlocutory orders has always existed than in regular civil cases. This Court is of opinion that the right of appeal from the order modifying the injunction is undeniable.[1]

■■ Based upon the history of the laws regulating bankruptcies, the courts have from the beginning exercised the power by order to allow suits and actions to be initiated in the state courts, and have permitted their own officers to be made parties to such proceedings.[2] This is a simple recognition of the fact that the parties are bound in certain areas of law by the statutes passed by the state legislature and the decisions of the courts of the state. The bankruptcy court has paramount authority in the field of adjustment of rights of debtor and creditors. Neither such powers nor the exercise thereof may be delegated to any other tribunal. Unquestionably, in the settlement of the conflicts as to the rights of creditors and debtor and the distribution of the property, the bankruptcy court may itself adjudicate questions of state law. The determination of whether the bankruptcy tribunal will adjudicate controversies involving only questions of state law which arise as to property or persons within its jurisdiction is very delicate. Generally, the decision will not be reversed except for abuse of discretion.[3]

The questions presently before the state courts are (1) whether, in the transactions relating to the transfer of certain lands, the debtor corporation was charged usurious interest; and (2) whether Dhority, who claims to be President of the corporation and who filed the petition for reorganization, is a stockholder; and another, which governs the second, (3) whether the pledge of stock of this Idaho corporation, the foreclosure thereof and transfer by the depositary to the nominee of Doty, would be recognized under the laws of Idaho.

There is no doubt the federal courts could determine all of these questions. However, the simple statement of these problems indicates that each has a distinctively local cast.

■ It has been held that the problem of whether a person is a stockholder in a

---

1. Courts of Appeals may "review, affirm, revise, or reverse" "in proceedings, in bankruptcy, either interlocutory or final." 11 U.S.C.A. § 47.

   "An order of the bankruptcy court vacating a restraining order against prosecution of a suit in a state court is, like a stay order itself, a proceeding in bankruptcy." Albin v. Cowing Pressure Relieving Joint Co., 317 U.S. 211, 212, 63 S.Ct. 170, 171, 87 L.Ed. 212.

   Such stay orders are appealable. Foust v. Munson Steamship Lines, 299 U.S. 77,

57 S.Ct. 90, 81 L.Ed. 49; In re Adolf Gobel, Inc., 2 Cir., 89 F.2d 171.

2. See Mangus v. Miller, 317 U.S. 178, 185, 63 S.Ct. 182, 87 L.Ed. 169 (under sections for relief of farmer debtors); Thompson v. Magnolia Petroleum Co., 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876 (railroad reorganization proceeding); Ex parte Baldwin, 291 U.S. 610, 619, 54 S.Ct. 551, 78 L.Ed. 1020 (denial of mandamus by Supreme Court).

3. See Texas v. Donoghue, 302 U.S. 284, 58 S.Ct. 192, 82 L.Ed. 264.

domestic corporation is governed by the law of the state of incorporation.[4] While it is true the bankruptcy court has power to adjust and modify the rights of the creditors and the stockholders, this authority is not minimized by the fact that the stockholder may be Dhority or Pace. Nor does it lessen the exercise of the exclusive function of that court if it shall have been determined that either Dhority or, on the other hand, Pace has no right or interest in the stock or the corporation.

The suggestion is made by the attorneys for Dhority that he organized and pioneered the corporation and obtained the bulk of contracts which constitute its assets. It is said to be unfair to eliminate him and give all the benefits of his labor to Pace. There are two answers to these propositions. First, the rights of Dhority personally are governed by the domestic law of Idaho and are the same in either tribunal. Second, his personal rights depend upon the construction of contracts which he himself signed. The validity of a pledge and a transfer under a pledge of stock in an Idaho corporation also seem questions peculiarly appropriate for determination by an Idaho state court.

The bankruptcy court would only apply local law to such a solution in any event. The usury question does have an effect upon the property and solvency of the corporation. But the problem is related to a contract with regard to the transfer of Idaho real property. If the course be just, the reorganization court has a free hand to scale down or modify the debt, even though the state court had decided the interest is not usurious.

Prior pendency of state litigation is a *strong factor in the exercise of the discretion of the federal judge.*[5]

These actions had been pending in the state for a number of months and were on the eve of trial when the petition for reorganization was filed.

The corporation, through its present officers and Dhority, had filed a cross-complaint in the state court and asked for and received from the state court interlocutory relief. Doty and his associates and Pace were enjoined from holding a stockholders' meeting and voting the stock in litigation to change control of the corporation. The filing of the petition for reorganization by the Dhority group is urged to have been in violation of an understanding between the two factions that the status quo would be preserved until the state court had determined the issues. Of course, the right to file the reorganization petition was absolute, if the statute was followed. But the federal court has the power to reexamine the question of "good faith," made a prerequisite by Chapter X.

Although the petition for reorganization was approved by the federal court upon an ex parte presentation, there is now a motion to dismiss the proceedings, which raises the vital question of the good faith of the original filing. This Court, of course, makes no determination and forecasts for a possible future appeal no solution of this problem, which, however, throws into high relief one of the elements to be considered by the federal judge in the exercise of discretion as to whether the state court litigation should proceed. Even in a strict bankruptcy proceeding, where there is not the requirement of filing in good faith of a voluntary petition, as there is in the provisions relating to corporate reorganization, the question of whether such a petition was filed in order to settle in another forum litigation then pending in the state courts has been

---

4. "The District Court in passing on petitions filed by corporations under Chapter X must * * * determine whether they are filed by those who have authority so to act. In absence of federal incorporation, that authority finds its source in local law." Price v. Gurney, 324 U.S. 100, 106, 65 S.Ct. 513, 516, 89 L.Ed. 776.

5. See Layton v. Thayne, 10 Cir., 144 F.2d 94, certiorari denied 323 U.S. 786, 65 S. Ct. 277, 89 L.Ed. 627.

given consideration.[6]  Since discretion of the federal judge was involved,[7] there was no abuse in the instant ruling.

Finally, although there is no doubt that a judgment in the state court upon the issues there involved will be binding upon the parties and upon the federal court,[8] and such a determination may lead to a dismissal by the corporation of the petition in reorganization, still these are not the criteria.  Even if the power to proceed with this litigation is conceded to the state court, it may not, as an incident thereto, take action which will impinge upon the functions of the national tribunal under the laws relating to bankruptcies.[9]  The federal court now has paramount and exclusive jurisdiction of the reorganization proceeding.  The petition under these circumstances will not be dismissed without the approval of that court.  The bankruptcy court may deem it essential to the right of stockholders or creditors to retain jurisdiction.  The judge thereof would have plenary power.  By allowing these issues to be tried in the state court, the bankruptcy tribunal has yielded no whit of its essential powers.  The federal court has still full authority to perform the functions which are entrusted to it by Congress.  Therefore, it was not error to permit the state courts to proceed with the litigation there pending.

Affirmed.

6.  Compare Zeitinger v. Hargadine-M'Kittrick Dry Goods Co., 8 Cir., 244 F. 719, certiorari denied 245 U.S. 667, 38 S.Ct. 64, 62 L.Ed. 538.

7.  The provisions of the Bankruptcy Act and Chapter X, which may permit a stay of state court actions in a parallel situation, are invoked in the discretion of the bankruptcy court.  11 U.S.C.A. § 11, sub. a (15) ; 11 U.S.C.A. § 29, sub. a; 11 U.S.C.A. § 516(4).  See Foust v. Munson Steamship Lines, 299 U.S. 77, 83, 57 S. Ct. 90, 81 L.Ed. 49; In re Adolf Gobel, Inc., 2 Cir., 89 F.2d 171, 172.

Section 148 of Chapter X provides an automatic stay under certain circumstances. "Until otherwise ordered by the judge, an order approving a petition shall operate as a stay of a prior pending bankruptcy, mortgage foreclosure, or equity receivership proceeding, and any act or other proceeding to enforce a lien against the debtor's property." 11 U.S. C.A. § 548.  This section does not strictly apply to the instant proceedings in the state court.  The language in any event foreshadows the dissolution of the stay in the discretion of the trial judge.

8.  See Heiser v. Woodruff, 327 U.S. 726, 733–734, 66 S.Ct. 853, 90 L.Ed. 970.

9.  "The state court has full control over the litigation.  But even as an incident thereto, it may not take action which involves the performance of functions which Congress has entrusted to the bankruptcy court."  Brown v. Gerdes, 321 U.S. 178, 186, 64 S.Ct. 487, 491, 88 L.Ed. 659.