In the Matter of VICTOR BUILDERS, INC., Debtor.

SILVER GATE SAVINGS AND LOAN ASSOCIATION, Appellant,

v.

C. J. CARLSON, Receiver and Trustee, Appellee.

No. 23329.

United States Court of Appeals Ninth Circuit.

Nov. 6, 1969.

the referee to conduct further hearings to determine whether there exists an equity in the subject real property in excess of the appellant's lien.

Appellant holds a note in the principal amount of $115,000.00 secured by a trust deed on the subject property. In August, 1967, appellant started a non-judicial foreclosure under the trust deed, and on September 28, 1967, filed a complaint to enforce the terms of the trust and for the appointment of a receiver to collect the rents and profits. A receiver was appointed for the purpose of collecting rents and profits, and the appointment was confirmed by the state court on October 5, 1967.

Victor Builders, Inc., holders of the fee title, filed a petition for an arrangement under Chapter XI on October 25, 1967, and on March 15, 1968, the referee entered an order restraining appellant from proceeding with its non-judicial sale and from commencing a new proceeding seeking foreclosure.

The appellant raises two questions on this appeal: (a) can a bankruptcy court in a Chapter XI proceeding enjoin a non-judicial sale of property, and (b) did the court err in remanding the case to the referee to take evidence to determine whether the debtor has an equity in the property?

The power of the bankruptcy court to restrain a secured creditor is derived from Section 314 (11 U.S.C. § 714) of the Bankruptcy Act which provides:

"The court may, in addition to the relief provided by Section 11 of this Act and elsewhere under this chapter, enjoin or stay until final decree the commencement or continuation of suits other than suits to enforce liens upon the property of a debtor, and may, upon notice and for cause shown, enjoin or stay until final decree any act or commencement or continuation of any proceeding to enforce any lien upon the property of a debtor."

John M. Seitman (argued), of Scales, Patton, Ellsworth & Corbett, San Diego, Cal., for appellant.

James Biggins (argued), of Smith, Biggins & Crockett, San Diego, Cal., Franklin Orfield, C. J. Carlson, San Diego, Cal., for appellee.

Before DUNIWAY and HUFSTEDLER, Circuit Judges, and BYRNE,* District Judge.

BYRNE, District Judge:

The appellant appeals from an order of the district court remanding the case to

* Honorable William M. Byrne, United States Senior District Judge, Central District of California, sitting by designation.

In its argument that comity between federal and state courts forbids the enjoining of its proposed sale under the deed of trust, the appellant cites Straton v. New, 283 U.S. 318, 51 S.Ct. 465, 75 L.Ed. 1060 (1930), in which the court held that a state court receiver who had been in possession more than four months before bankruptcy could not be displaced. The court found the rule of comity to be applicable in allowing the state court which had first taken jurisdiction to retain it.

Unlike the situation in *Straton,* which involved a judicial sale, the order from which review is sought in the instant case does not seek to displace or in any way interfere with the possession of the state court, or its receiver, in carrying out the purpose for which he was appointed, *i. e.* the collection of rents and profits. All that the referee's order does is restrain the *non-judicial* sale under the contractual terms of the deed of trust, and prohibit the commencement of a new judicial action to foreclose.

The other cases relied upon by appellant, Emil v. Hanley, 318 U.S. 515, 63 S.Ct. 687, 87 L.Ed. 954 (1943) and Smith v. Hill, 317 F.2d 539 (CA 9, 1963), suffer the same infirmity—they are cases where the bankruptcy court attempted to displace the jurisdiction of the state court. All of the cases cited by the *Smith* court involved state judicial foreclosure proceedings.

■ With respect to the second issue, it is difficult to understand why the appellant objects to the district court's remand of the case to the referee. The court properly held that the referee had the power to restrain the secured creditor from proceeding with the non-judicial

foreclosure proceeding, but it was not satisfied that the showing made at the perfunctory hearing before the referee established sufficient "cause shown", which Section 314 requires as a prerequisite to a "stay until final decree". The *creditor raised this issue* in the district court on the review of the referee's order—although the referee did not order a "stay until final decree."

Bankruptcy courts are essentially courts of equity. To avoid any unfairness or injustice, the district court quite properly remanded the case to determine whether there is any "equity in the property over and above the lien of the trust deed". If there is such an equity, the referee should permanently enjoin the foreclosure until final decree. If, on the other hand, there is no equity for the general creditors, the referee should discharge the temporary restraining order and permit the appellant to proceed with the non-judicial sale.

It should be noted that the order issued by the referee was temporary in that it was "without prejudice to the further application of the said parties for orders dissolving restraint * * *." It should also be noted that the "cause shown" for the issuance of a temporary restraining order is not the same as that required for the issuance of a permanent restraint enjoining an act until final decree, which must be supported by evidence.

If at any time the holder of the trust deed note believed that there was no equity in excess of its lien, it could have sought from the referee, the avenue for relief now made available by the district court, *i. e.* a hearing before the referee to determine whether such an equity exists.

The district court is affirmed.