C. Douglas **WIKLE**, Trustee in Bankruptcy, for Nevada Henderson Land Co., a corporation, Appellant,

v.

**COUNTRY LIFE INSURANCE COMPANY** et al., Appellees.

No. 21967.

United States Court of Appeals,
Ninth Circuit.

Feb. 19, 1970.

**152**

Joseph S. Potts (argued), Santa Ana, Cal., for appellant.

George M. Treister (argued), of Quittner, Stutman, Treister & Glatt; Gendel, Raskoff, Shapiro & Quittner, Los Angeles, Cal., for appellees.

Before CHAMBERS, BARNES and CARTER, Circuit Judges.

CHAMBERS, Circuit Judge.

Here on appeal is an order of the district court affirming an order of a referee in bankruptcy in Los Angeles who declined jurisdiction on an application of a bankruptcy trustee seeking an order quieting title in the trustee to a hospital in San Mateo County, California.

Country Life held a trust deed for security for an indebtedness of the Nevada Henderson Land Co. Under California state law, the trustee of the trust deed held a sale and the purchaser of the sale on January 14, 1966, was Country Life. A deed was delivered sometime after March 3, 1966, and recorded on March 10, 1966.

Neither the sale nor the deed was accomplished on a calm sea.

Legal distress began for Nevada Henderson when Country Life in a San Mateo County state court obtained the appointment of a receiver on November 15, 1965, for the hospital which gave the receiver a right to possession and legally ousted the debtor.

On January 4, 1966, the record owner filed a plan of arrangement under Chapter XI of the Bankruptcy Act. Thereupon, the referee temporarily restrained the private trustee from proceeding with its sale scheduled for January 5, 1966. This order was dissolved by the referee on January 13 after a hearing, the owners not offering evidence to justify continuance of the restraining order. By this time, Nevada Henderson had filed for regular bankruptcy and had filed a companion Chapter X reorganization petition.

After the sale on January 14, the record owner obtained an ex parte order enjoining delivery of the private trustee's deed to Country Life. This order expired by its own terms on February 1, 1966. On March 2, 1966, the district judge signed an order dismissing the Chapter X proceedings.

The following day, March 3, the referee rejected a second application to restrain the private trustee from delivering the deed and ruled that Country Life and the private trustee were free from any restraint by the referee. The bankruptcy trustee was not a party to any of

the restraining order proceedings and no appeal was taken by the bankrupt from any of the orders of January and March, 1966.

On June 30, 1966, the trustee in bankruptcy before the referee filed an application to quiet title to the hospital. The referee held that he lacked summary jurisdiction and also ruled that in this case if he had the summary jurisdiction, it would be an abuse of discretion to exercise it. On review, the district court affirmed. On appeal, we affirm.

■ Of course, the usually stated jurisdictional test is possession of the bankrupt at the time of filing the petition. If there is possession there is usually summary jurisdiction in the referee.

The trustee, after he did appear, argued that the state court receivership was spurious on its face and that, consequently, it did not operate to oust the bankrupt from possession. Country Life is alleged to have represented to the bankruptcy court that the debtor's real property was in the custody of a state court receiver when, in fact, the receiver had never taken possession of the property nor collected any rents since there were no tenants and thus no rents to be collected.

■ Appointment of a receiver for the purpose of collecting rents is a sufficient act of control to oust the debtor from possession. Emil v. Hanley, 318 U.S. 515, 63 S.Ct. 687, 87 L.Ed. 954 (1943). Thus, the debtor had no possession to which the bankruptcy trustee could succeed.

■ The crucial inquiry is not seizure of the property but rather the receiver's power of control over the premises. That no rents were actually available for collection did not disturb the power of the state court receiver over the premises. In any event, the absence of rent to collect is a factual matter which does not appear of record. The appellant had the burden of establishing facts which were essential to the bankruptcy court's jurisdiction.

■ Appellant incorrectly construes the scope of the state court receiver's authority. The order appointing the receiver gave him broad power to restrain the debtor and his agent from "interfering in any manner with the property and its possession." [R.T. 276]. The appellant has failed to demonstrate that the subject property was in the constructive or actual possession of the debtor at the time of bankruptcy and thus summary jurisdiction was properly denied. Katchen v. Landy, 382 U.S. 323, 327, 86 S.Ct. 467, 15 L.Ed.2d 391; Emil v. Hanley, 318 U.S. 515, 63 S.Ct. 687, 87 L.Ed. 954; Taubel-Scott-Kitzmiller Co. v. Fox, 264 U.S. 426, 44 S.Ct. 396, 68 L.Ed. 770; Smith v. Hill, 9 Cir., 317 F.2d 539.

■ Appellant attempts to avoid the normal rule where possession is the test for summary jurisdiction by arguing that the instant proceedings are under Chapter XI and in Chapter XI proceedings, unlike ordinary bankruptcy proceedings, the debtor's ownership of property is sufficient to give the bankruptcy court summary jurisdiction. The two major bankruptcy treatises are in conflict on this point. Appellant relies on statements in 8 Collier on Bankruptcy ¶ 3.02, pages 176–182, while appellees counter with a contrary view in 9 Remington on Bankruptcy, § 3573, pages 214–18 [6th ed. 1955]. Although the matter is not free from doubt, case authority favors appellees' position. Sada Yoshinuma v. Oberdorfer Insurance Agency, 5 Cir., 136 F.2d 460, 461; Lockhart v. Garden City Bank & Trust Co., 2 Cir., 116 F.2d 658; In re California Paving Co., N.D.Cal., 95 F.Supp. 909. However, we believe that we are not required to decide whether legal title in the debtor is alone sufficient to vest summary jurisdiction in a Chapter XI proceeding because the record shows that the debtor proceeded in ordinary bankruptcy rather than under Chapter XI. On January 13, 1966, the debtor filed a voluntary petition in bankruptcy. Appellant's allegation of intent to proceed under Chapter XI cannot alter the

legal effect of the voluntary petition and adjudication.

At the threshold, it is to be pointed out that when the California court took possession of the property away from the soon-to-be declared bankrupt, it defied no order of the bankruptcy court and when the private trustee held its trustee's sale and when it delivered its trustee's deed, there was no federal bankruptcy restraining order in effect. There was no defiance of the court's bankruptcy power. And, we deal not with the validity of the unappealed from referee's orders which had the effect of permitting the private trustee's sale and the delivery of the private trustee's deed.

Here in effect the trustee is chasing an airplane out of an airport when the plane has already taken off, made its flight and landed elsewhere.

Here we do not adjudge that the trustee has no legal point or that the title is clear in the hands of Country Life. We simply hold that if there is a title imperfection now, it should be settled in a plenary suit somewhere.

The propriety of refusal of summary jurisdiction here is put in proper focus by the reasoning in Suhl v. Bumb, 9 Cir., 348 F.2d 869, 871.

"The power of a bankruptcy court to resolve adverse claims concerning the assets of the bankrupt's estate is indeed a power of imposing magnitude. Since it results in depriving adverse claimants of a plenary suit, we must ever be cautious lest we permit its extension to a situation that should not permit summary disposition."

Subsequent to argument, appellant directed the court's attention to the recent decision in In re Victor Builders Inc. (Silver Gate Savings and Loan Assoc. v. Carlson), 9 Cir. (Nov. 6, 1969), 418 F.2d 880. The case is not helpful to appellant for the following reasons: Carlson involved the propriety of *enjoining* a nonjudicial sale of property. The case at bar involves the fundamentally different step of *quieting title* to property which has *already been sold* in an extrajudicial sale. A key factor in Carlson was that the challenged order did not displace or interfere with the possession of the state court, or its receiver in carrying out the purpose for which he was appointed, i. e., collection of rents and profits. A quiet title action would so interfere by altering the title of property within the state court's jurisdiction.

Normally a court does not rule on discretionary jurisdiction unless it determines there was subject matter jurisdiction. But here we think an unappealed from ruling that the referee had subject matter jurisdiction on the quiet title proceeding would be valid against collateral attack. This we believe permits us to go to the discretion to refuse to act.

A well recognized principle is that a bankruptcy court has discretion to decline to exercise summary jurisdiction even where such jurisdiction is present. In re Terrace Lawn Memorial Gardens, 9 Cir., 256 F.2d 398; In re Tyne, 7 Cir., 261 F.2d 249, 253. Where the jurisdictional issue is close or where complete relief could not have been awarded among the interested parties, summary jurisdiction may be properly declined. Sulmeyer v. Pfohlman, 9 Cir., 329 F.2d 915; Ford v. Magee, 2 Cir., 160 F.2d 457. And, certainly we think it was an appropriate situation for the referee to refuse to take the case.

The orders appealed from are affirmed.