456 F.2d 954
 In the Matter of WONDERBOWL, INC., a California corporation, Debtor.
CARUSO ENTERPRISES, INC., a corporation, Respondent-Appellant,
v.
A. J. BUMB, Trustee of Wonderbowl, Inc., Appellee.
 No. 25723.
 United States Court of Appeals,
Ninth Circuit.
 March 10, 1972.
 
 George M. Treister (argued), of Quittner, Stutman, Treister & Glatt, Sulmeyer, Kupetz & Alberts, Los Angeles, Cal., for respondent-appellant.
 C. E. H. McDonnell (argued), Los Angeles, Cal., for appellee.
 Before BROWNING and DUNIWAY, Circuit Judges, and COPPLE,* District Judge.
 PER CURIAM:
 
 
 1
 Wonderbowl, Inc., filed a petition in the court below for reorganization under Chapter X of the Bankruptcy Act. The court appointed appellee trustee and referred the matter to a referee-special master.
 
 
 2
 The appellant, Caruso Enterprises, Inc. (CEI), holds a purchase money deed of trust and lease assignments securing an obligation of over $1 million on three properties purchased from CEI by the debtor in 1963. CEI leases a fourth property to the debtor.
 
 
 3
 The trustee filed an application with the referee-special master for a determination of the debtor's interest in all four properties, alleging that fifteen named respondents had participated in a fraudulent scheme to deprive the debtor of ownership.
 
 
 4
 Various objections to the summary jurisdiction of the referee were sustained. As a result, the trustee's application was confined to the three properties purchased in 1963, and sought a declaration of rights only as against CEI, James L. Fallon, and Title Insurance and Trust Company, a nominal party.
 
 
 5
 As the scope of the proceeding before the referee was narrowed by these jurisdictional rulings, the trustee instituted two plenary actions, one in the state courts, the other in the United States District Court for the Central District of California. The federal action has been actively pursued. All of the persons allegedly involved in the fraudulent scheme are parties to it. It encompasses all four of the properties, and seeks complete relief, including an accounting and over $14 million in actual and punitive damages.
 
 
 6
 CEI filed a motion before the referee, asking that the trustee's application be dismissed "to avoid multiplicity of suits." The referee denied the motion. The district court denied CEI's petition to review. CEI appeals.
 
 
 7
 The trustee's position is that the need for swift adjudication justified a continuation of the proceeding before the referee, even though that proceeding involved less than all of the property and fewer than all of the interested persons and would result in less than complete relief. The main consideration pressed by the trustee was that an early clarification of the debtor's title to the real property was necessary to facilitate a pending sale.
 
 
 8
 Although its use is properly confined to exceptional cases, 6 Collier on Bankruptcy Para. 3.08, pp. 468-69, a bankruptcy court has "discretion to decline to exercise summary jurisdiction even where such jurisdiction is present." Wikle v. Country Life Insurance Co., 423 F.2d 151, 154 (9th Cir. 1970). See also In re Terrace Lawn Memorial Gardens, 256 F.2d 398 (9th Cir. 1958). Summary jurisdiction may properly be declined, for example, where complete relief cannot be afforded among the interested parties. Wikle v. Country Life Insurance Co., supra, 423 F.2d at 154; cf. Ford v. Magee, 160 F.2d 457, 459-460 (2d Cir. 1947). Plenary litigation may be preferable where important questions turning on nonbankruptcy law are involved. See, e. g., Thompson v. Magnolia Petroleum Co., 309 U.S. 478, 483, 60 S.Ct. 628, 84 L.Ed. 876 (1940), and cases cited, id. at n.8; Texas v. Donoghue, 302 U.S. 284, 58 S.Ct. 192, 82 L.Ed. 264 (1937); Foust v. Munson S S Lines, 299 U.S. 77, 57 S.Ct. 90, 81 L.Ed. 49 (1936); cf. Layton v. Thayne, 144 F.2d 94 (10th Cir. 1944).
 
 
 9
 Applying these principles, we conclude that the proceedings before the referee should have been dismissed or at least stayed pending completion of the trustee's plenary suit in the federal court.
 
 
 10
 The trustee's multifarious allegations of fraud raise numerous legal and factual issues as to a whole series of events affecting the present status of the property. Each link in this chain may be crucial to the ultimate validity of claimed interests. A full analysis of the various transactions under controlling nonbankruptcy standards is essential. The isolated adjudication of CEI's lien interest could not possibly take adequate account of the complex controversy of which this issue is a part. The same issue is a central part of the plenary suit in federal court. All other contested transactions and some three dozen other affected parties are also before that court, which has unquestioned jurisdiction to decide the entire controversy and to order whatever relief may be appropriate, in equity or at law.
 
 
 11
 The trustee's argument that the proceeding before the referee should continue in the interest of securing a speedy adjudication has lost its force. The order approving the sale relied upon by the trustee was vacated by this court in In re Wonderbowl, Inc., 424 F.2d 178 (9th Cir. 1970), and the purchase offer was subsequently withdrawn. In a companion case to the present appeal (In the Matter of Wonderbowl, Inc., No. 71-1303), this court is considering whether the high bidder has been released from its obligation to complete the sale. Further delay in settling title is unlikely to affect that issue. Moreover, although it may have appeared that a summary proceeding would result in an earlier determination of the trustee's claim against CEI at the time the referee denied the motion to dismiss, the opposite now seems true. While the proceeding before the referee has been held in abeyance, preparations for trial of the plenary suit before the district court have continued. Discovery has been completed and a pre-trial hearing has been set.
 
 
 12
 Reversed and remanded with instructions to stay or dismiss the trustee's application.
 
 
 
 *
 Honorable William P. Copple, District Judge, United States District Court for the District of Arizona, sitting by designation