**In re Douglas K. HORAN and Tammy E. Horan, Debtors.**

**No. 02–35443.**

United States Bankruptcy Court,
D. Connecticut.

Jan. 22, 2004.

Patricia Beary, Holley L. Claiborn, Office of United States Trustee, New Haven, CT, for Movant United States Trustee.

Anthony J. Salzarulo, Rocky Hill, CT, for Debtors.

### MEMORANDUM OF DECISION CLARIFYING ISSUES FOR TRIAL

LORRAINE MURPHY WEIL, Bankruptcy Judge.

Before the court is the United States Trustee's Motion To Dismiss Chapter 7

Case Pursuant to 11 U.S.C. Section 707(a) (Doc. I.D. No. 25, the "Motion"). In the Motion, the United States Trustee (the "UST") seeks dismissal of this chapter 7 case pursuant to 11 U.S.C. § 707(a) for "cause" as a "bad faith" filing.[1] The above-captioned debtors (the "Debtors") have filed an objection to the Motion. (*See* Doc. I.D. No. 32, the "Objection"). This is a "core proceeding" within the purview of 28 U.S.C. § 157(b).

## I. BACKGROUND

Certain preliminary proceedings have taken place in this contested matter, and the court has determined that an evidentiary hearing will be required to adjudicate the Motion and the Objection. In order better to facilitate that hearing, the court has deemed it appropriate to issue this memorandum ruling on two preliminary issues already raised in these proceedings:[2]

● Is a debtors's "bad faith" in filing a chapter 7 petition *per se* grounds for dismissing the chapter 7 case?

● If the answer to the first is "yes," who bears the burden of proof on the issue of "bad faith"?

## II. ANALYSIS

### A. "Bad Faith"

■ In "straight" liquidation proceedings under the prior Bankruptcy Act, it was settled law that

if the bankrupt, however solvent, or however impure its motive may have been, or whatever may have been the actuating purpose, saw fit to surrender its assets into the custody and jurisdiction of the court for the benefit of its creditors, the creditors as a matter of law have no cause for complaint.

*State of Alabama v. Montevallo Mining Co. (In re Montevallo Mining Co.)*, 278 F. 989, 990 (M.D.Ala.1922). "Good faith," although a consideration in reorganization proceedings under the prior Act, generally was not a consideration in liquidation proceedings under that Act. *See Terrace Lawn Memorial Gardens v. A.H. Doty & Assocs. (In re Terrace Lawn Memorial Gardens)*, 256 F.2d 398, 402–03 (9th Cir. 1958) ("[I]n a strict bankruptcy proceeding, ... there is not the requirement of filing in good faith of a voluntary petition ...."). However, certain circumstances (prepetition in whole or in part) nevertheless would constitute grounds for dismissal. *See, e.g., id.* (noting that even in a "strict" bankruptcy proceeding, "the question of whether ... a petition was filed in order to settle in another forum litigation then pending in the state courts has been given consideration."); *Zeitinger v. Hargadine—McKittrick Dry Goods Co.*, 244 F. 719, 722 (8th Cir.), *cert. denied*, 245 U.S. 667, 38 S.Ct. 64, 62 L.Ed. 538 (1917) (directing dismissal of case because bankruptcy was part of a scheme whereby "the whole proceedings and judgment in the

1. Bankruptcy Code § 707(a) provides as follows:
   (a) The court may dismiss a case under this chapter, only after notice and a hearing and only for cause, *including*—
   (1) unreasonable delay by the debtor that is prejudicial to creditors;
   (2) nonpayment of any fees and charges required under chapter 123 of title 28; and
   (3) failure of the debtor in a voluntary case to file, within 15 days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph 1 of section 521, but only on a motion by the United States trustee.
   11 U.S.C.A. § 707(a) (West 2003) (emphasis added).

2. The parties have had the opportunity to brief and argue those issues.

circuit court would be paralyzed and rendered abortive.").

When Congress enacted Section 707(a) of the liquidation chapter of the current Bankruptcy Code, Congress introduced the term "cause" which term did not have a precise ancestor under either statute or rule. *Cf.* 11 U.S.C. § 95 (repealed); Fed. R. Bankr.P. 120 (rescinded). Moreover, although three examples of "cause" are set forth in Section 707(a), the enumerated grounds for a "for cause" dismissal are nonexclusive. *Neary v. Padilla (In re Padilla)*, 222 F.3d 1184, 1191 (9th Cir. 2000); *see also* 11 U.S.C. § 102(3) (defining "including" when used in title 11 to be "not limiting"). Other than to state that the "ability of the debtor to repay his debts in whole or in part [does not] constitute[ ] adequate cause for dismissal," H.R. Rep. 95–595, at 380 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6336, Congress provided little guidance as to what might constitute "cause" for dismissal pursuant to Section 707(a) besides the enumerated examples. All of the foregoing have produced apparent discord among the circuits concerning whether the debtor's "bad faith" in filing the chapter 7 petition *per se* constitutes "cause" for dismissal under Section 707(a). The Second Circuit has not spoken on that issue.

Both *Industrial Insurance Services, Inc. v. Zick (In re Zick)*, 931 F.2d 1124 (6th Cir.1991), and *Tamecki v. Frank (In re Tamecki)*, 229 F.3d 205 (3d Cir.2000), hold that "bad faith" in filing the chapter 7 petition *per se* constitutes "cause" for dismissal under Section 707(a). Both *Zick* and *Tamecki* have been read as framing the question of "bad faith" as a "jurisdictional" issue. *See* Buchbinder, D.L., *Implicit Good Faith Implicit Requirement in Chapter 7 Cases*, 18 No. 2 Bankr.Strategist 1, 7 (December, 2000) ("[T]he Third Circuit in *Tamecki* . . . ha[s] adopted the view of *Zick* that good faith is an implicit jurisdictional prerequisite to filing for Chapter 7 relief."). On the other hand, both *In re Huckfeldt*, 39 F.3d 829 (8th Cir.1994), and *In re Padilla, supra*, reject dismissal under a "bad faith" label as unhelpful, electing instead to proceed under the statutory term "cause." It has been suggested that "[t]he different approaches among the circuits . . . are merely differences in degree and not in kind . . . ." *Buchbinder, supra* at 6.[3]

Both the Eighth Circuit and the Ninth Circuit have rejected the "bad faith" label based (in part) upon the following concerns:

> "[S]ome conduct constituting cause to dismiss a Chapter 7 petition may readily be characterized as bad faith. But framing the issue in terms of bad faith may tend to misdirect the inquiry away from the fundamental principles and purposes of Chapter 7. Thus, we think the § 707(a) analysis is better conducted under the statutory standard, 'for cause.' "

*Padilla*, 222 F.3d at 1192 (*citing Huckfeldt*, 39 F.3d at 832). In other words, Section 707(a) "cause" is Section 707(a) "cause," and the "bad faith" label does not advance (and perhaps hinders) the Section 707(a) analysis. This court shares that view.[4] If this court were writing on a cleaner slate, the court similarly would reject the "bad faith" label. However, the court believes that to take such a step at this point would give a false impression of the importance of what is, after all, only a

---

3. *Padilla* appears to take the narrowest view of the scope of "cause" in that context.

4. For example, the "bad faith" label may have led some courts into error on the "burden of proof" issue (discussed below).

label. Accordingly, the court will accept the "bad faith" label as a term of art for a certain class (or classes) of circumstances (prepetition in whole or in part) which, when analyzed under Section 707(a), constitute "cause" for dismissal.[5] What might constitute such "bad faith" will be determined on a case-by-case basis giving consideration to all the relevant facts and circumstances of the case. *Cf. C–TC 9th Avenue Partnership v. Norton Co. (In re C–TC 9th Avenue Partnership)*, 113 F.3d 1304, 1312 (2d Cir.1997) ("[A] determination of bad faith [as 'cause' under Section 1112] requires a full examination of all the circumstances of the case; it is a highly factual determination . . . .").

 The Debtors argue that the enumerated examples of Section 707(a) "cause" (all of which refer to the debtor's postpetition conduct) make it plain that Congress intended to limit "cause" to apply only to the debtor's postpetition conduct. That argument proves too much because it would mean that, in enacting Section 707(a), Congress intended to eliminate the court's power to dismiss cases based on prepetition events even in situations where that power was well established under prior law. *Cf. Terrace Lawn Memorial Gardens, supra; Zeitinger, supra.* This court declines so to hold. Rather, this court joins those courts which hold

that, in appropriate circumstances, prepetition events (or some mix of prepetition and postpetition events) can constitute Section 707(a) "cause."

### B. *Burden of Proof*

 In her Supplemental Memorandum (Doc. I.D. No. 35), the UST argues that "[o]nce a debtor's good faith is put at issue, the debtor has the burden of establishing good faith." (Supplemental Memorandum at 3–4.)[6] As explained below, the court rejects that formulation of the burden of proof on a motion to dismiss a chapter 7 case for "bad faith." Rather, the court holds that the burden of producing a *prima facie* case of "bad faith," as well as the ultimate risk of non-persuasion on that issue, is on the movant.

 "Section 707(a) clearly states that a case shall only be dismissed for cause. *See* 11 U.S.C. § 707(a). Therefore the burden for showing cause is on the moving party." *Dionne v. Simmons (In re Simmons)*, 200 F.3d 738, 743 (11th Cir.2000). "Dismissal for cause cannot mean that a debtor must show an absence of cause; it can only mean that the party moving for dismissal must demonstrate cause." *In re Love*, 957 F.2d 1350, 1355 (7th Cir.1992) (discussing dismissal for "cause" under

---

**5.** The court will include under the label of "bad faith" those prepetition circumstances (or combination of prepetition and postpetition circumstances) which would have been grounds for dismissal under the prior Act. *Cf. Huckfeldt*, 39 F.3d at 832 ("[S]ome conduct constituting cause to dismiss a Chapter 7 petition may readily be characterized as bad faith.")

**6.** The Supplemental Memorandum cites *In re Smith*, 229 B.R. 895, 897 (Bankr.S.D.Ga. 1997), as supporting that proposition. At oral argument, counsel for the UST also cited *Tamecki* in support of her position. As explained below, to the extent that *Tamecki* is cited appropriately in support, the court re-

spectfully declines to follow *Tamecki*. However, the UST's reliance on *Tamecki* may be misplaced. That is because the court in *Tamecki* goes on to qualify its burden of proof analysis as follows: "We hold merely that in this case where the trustee has called into question [the] debtor's good faith, *and put on evidence sufficient to impugn that good faith,* the burden then shifts to the debtor to prove his good faith." *Id.* at 207 n. 2 (emphasis added). The foregoing statement might be read to state the unremarkable proposition that, once the movant has established a *prima facie* case of "bad faith," the burden of production shifts to the debtor.

Section 1307). There is no support on the face of Section 707(a) for distinguishing "bad faith" from any other Section 707(a) "cause" for purposes of allocation of the burden of proof. *Cf. Grogan v. Garner,* 498 U.S. 279, 287–88, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991) (discussed more fully below). Moreover, it is only when "good faith" is an explicit statutory requirement that the burden is on the debtor with respect to that issue. *See Love, supra* (drawing distinction for burden of proof purposes between Section 1325(a)(3) which explicitly states that a plan shall be confirmed if it "has been proposed in good faith," and Section 1307(c) which does not specifically require that a debtor file a petition in good faith); *In re Edwards,* No. 03–10018, 2003 WL 22016324 (Bankr.D.Vt. Aug. 26, 2003).[7] *Cf. Marine Harbor Properties, Inc. v. Manufacturer's Trust Co.,* 317 U.S. 78, 63 S.Ct. 93, 87 L.Ed. 64 (1942) (Since under the prior Act Congress explicitly required that a reorganization petition be filed in "good faith," on a motion to dismiss the debtor had the burden of proof on that issue.). The allocation of the burden of proof with respect to chapter 7 "bad faith" dismissals should be the same as the allocation of the burden of proof with respect to any other "for cause" dismissal under Section 707(a) (*i.e.,* allocated to the movant).

The Supreme Court's analysis in *Grogan v. Garner, supra,* is apposite here. In *Grogan,* the matter before the court was whether Bankruptcy Code § 523(a)(2) imposed an enhanced burden of proof (*i.e.,* a "clear and convincing evidence" standard) upon a creditor seeking a declaration of nondischargeability under that section. In rejecting the "clear and convincing evidence" standard in favor of the "preponderance of the evidence" standard, the Court reasoned in substantial part as follows

Our conviction that Congress intended the preponderance standard to apply to the discharge exceptions is reinforced by the structure of § 523(a), which groups together in the same subsection a variety of exceptions without any indication that any particular exception is subject to a special standard of proof. The omission of any suggestion that different ... [exceptions] have different burdens of proof implies that the legislators intended the same standard to govern the nondischargeability under § 523(a)(2) of fraud claims and ... [other Section 523(a) grounds for nondischargeability]. Because it seems clear that a preponderance of the evidence is sufficient to establish the nondischargeability of *some* of the types of claims covered by § 523(a), it is fair to infer that Congress intended the ordinary preponderance standard to govern the applicability of *all* the discharge exceptions.

---

**7.** The court in *Edwards* explained:

The potential for blurring the line between the concepts of bad faith and a lack of good faith is significant, since both concepts play an important role in chapter 13 cases. However, it is critical to keep these two concepts distinct because they arise in different aspects of a case and the burden of proof differs depending on which concept is at issue. A case may be dismissed if it is filed in bad faith, pursuant to § 1307(c); and ... the creditor has the burden of proving its allegation of bad faith in order to effect dismissal. By contrast, the burden of proving good faith [an explicit requirement for plan confirmation under Section 1325(a)(3)] in a chapter 13 case falls squarely upon the debtor ....

.    .    .    .    .

[D]ismissal of a case is a harsh remedy that should be applied only in situations where the creditor has demonstrated actual indicium of bad faith, not merely a lack of good faith.

*Edwards,* 2003 WL 22016324, at *4.

*Grogan,* 498 U.S. at 287–88, 111 S.Ct. 654 (emphasis added; footnotes omitted). The *Grogan* rationale is apposite here because there is no support in Section 707(a) for the proposition that Congress intended different kinds of "cause" to have different allocations of the burden of proof. Accordingly, under *Grogan,* all types of Section 707(a) "cause" (including "bad faith") have the burden of proof placed on the same party (*i.e.,* the movant). *Accord In re Ballard,* No. 02–01329, 2003 WL 22945926, at *4 (Bankr.D.Haw. July 28, 2003) (The movant "bears the burden of proof [on its motion to dismiss]. The preponderance of the evidence standard applies.") (citing *Grogan v. Garner* in support). *See also Fahey Banking Co. v. Parsell (In re Parsell),* 172 B.R. 226, 230 (Bankr.N.D.Ohio 1994) (same allocation of burden of proof).

Those courts which apply a different allocation of the burden of proof with respect to chapter 7 "bad faith" dismissals appear to do so on the theory that good faith is an "implicit" jurisdictional requirement for a voluntary chapter 7 petition. *See Zick,* 931 F.2d at 1126–27 (discussing cases). Therefore, those courts appear to reason, the burden should be on the debtor to prove jurisdiction the same as with any other attack on subject matter jurisdiction. However, the foregoing is a judicial gloss on the Bankruptcy Code. When a "gloss" conflicts with the statute itself, the statute must prevail. Here, as discussed above, Section 707(a) on its face indicates that the burden of proof with respect to "cause" be on the movant. Moreover, *Grogan* indicates that courts should be reluctant to impose atypical burdens of proof when Congress has maintained a statutory silence on the subject. *See Grogan,* 498 U.S. at 286, 111 S.Ct. 654 ("The language of § 523 does not prescribe the standard of proof for the discharge exceptions. The legislative history of § 523 and its predecessor, 11 U.S.C. § 35 (1976 ed.), is also silent. This silence is inconsistent with the view that Congress intended to require a special, heightened standard of proof."). That reluctance applies to the atypical allocation of the burden of proof sought here because of the statutory silence on that issue in Section 707(a).

■ The UST's final argument on the burden of proof issue is that facts underlying a "bad faith" dismissal are peculiarly within the knowledge of the debtor. However, the solution to that problem is not to impose the burden of proof on the debtor with respect to the issue of "bad faith." Rather, it is to permit the movant to prove "bad faith" by circumstantial evidence as in other situations where the debtor's state of mind is at issue. *See, e.g., Robertson v. Dennis, et al. (In re Dennis),* 330 F.3d 696, 701–02 (5th Cir.2003) ("Given the obvious problems of proof, '[a]ctual intent ... may be inferred from the actions of the debtor and may be shown by circumstantial evidence.'") (citation omitted; modification in original); *Neugebauer v. Senese (In re Senese),* 245 B.R. 565, 575 (Bankr.N.D.Ill.2000) (Since a plaintiff rarely can produce direct evidence of fraudulent intent, a court may infer fraudulent intent for purposes of Bankruptcy Code § 727(a)(4) from circumstantial evidence.). *See also Citizens Bank of Clearwater v. Hunt,* 927 F.2d 707, 711 (2d Cir.1991) ("Since the question of actual fraud involves the parties' state of mind, it is 'not ordinarily proven by direct evidence, but rather, by [circumstantial evidence] ....'") (citations omitted).

■ For all the reasons stated above, the court concludes that the UST bears the burden to prove "bad faith" (or other "cause" under Section 707(a)) under all the facts and circumstances of this case by a preponderance of the evidence.

### III. CONCLUSION

An order will be issue providing for a scheduling conference to schedule further proceedings on the Motion and the Objection consistent with this memorandum.