**In re Deandria SMITH, Debtor.**

**Bankruptcy No. 92–32135.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

May 12, 1993.

Daryl Keith Rubin, Toledo, OH, for debtor.

Dean P. Wyman, Cleveland, OH, Staff Atty. for U.S. Trustee.

Louis J. Yoppolo, trustee in bankruptcy, Toledo, OH.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court for Hearing on a Motion to Dismiss the case under 11 U.S.C. § 707(b) brought by the United States Trustee. A Hearing was held in which the parties were afforded the opportunity to present evidence and arguments they wished the Court to consider in reaching its decision. The Court has reviewed the arguments of counsel, exhibits, relevant statutory and case law, as well as the entire record. Based upon that review and for the following reasons the U.S. Trustee's Motion to Dismiss should be Granted.

### FACTS

On June 4, 1992 the Debtor filed for bankruptcy under Chapter 7 of the Bankruptcy Code. She completed and filed schedules listing her current income, expenses and unsecured debts, as well as those of her nondebtor spouse. The Debtor listed total combined monthly income for her and her spouse of Two Thousand Nine Hundred and 00/100 Dollars ($2,900.00) and total combined monthly expenses of Two Thousand Thirty Five and 00/100 Dollars ($2,035.00). The Debtor listed unsecured claims totaling Forty Three Thousand Eight Hundred Forty Eight and 10/100 Dollars ($43,848.10).

On September 15, 1992 the U.S. Trustee filed a Motion to Dismiss the case pursuant to 11 U.S.C. § 707(b). The basis for the Motion is the U.S. Trustee's contention that the Debtor can repay 70% of her unsecured debt under a three year Chapter 13 plan and such an ability demonstrates a substantial abuse were the Court to grant the debtor a discharge under Chapter 7. The Debtor's attorney filed an Objection to the Motion to Dismiss on October 16, 1992 stating that any consideration regarding the availability of the nondebtor spouse's income to satisfy the listed debt must also consider his financial obligations. In that case the Debtor's current income would be insufficient to meet her current financial obligations.

The Debtor filed amended Schedules I and J on October 27, 1992 showing total combined monthly income for her and her nondebtor spouse of Three Thousand Six Hundred Forty Five and 75/100 Dollars ($3,645.75) and total combined monthly expenses of Three Thousand Six Hundred Fifty Nine and 06/100 ($3,659.06).

On November 4, 1992 a Hearing was held on the Motion to Dismiss. It was established that the Debtor's total unsecured obligations were reduced to Thirty Two Thousand Three Hundred Seventy Three and 70/100 Dollars ($32,373.70) due to the sale of an automobile that the Debtor had leased from Nissan. This reduced the Debtor's obligation to Nissan to Seven Thousand Nine Hundred Fifteen and 60/100 Dollars ($7,915.60), thus reducing the Debtor's unsecured obligations by Eleven Thousand Four Hundred Seventy Four and 40/100 Dollars ($11,474.40). A number of the Debtor's expenses were questioned. One of these expenses was Fifteen and 00/100 Dollars ($15.00) a month for jewelry insurance when the Debtor had failed to list any jewelry as an asset on schedule B. There were also two substantial monthly payments listed as being made to the nondebtor spouse's father and brother in the amounts of Three Hundred and 00/100 Dollars ($300.00) and One Hundred Fifty and 00/100 Dollars ($150.00), respectively. The U.S. Trustee questioned whether these were bona fide payments and whether monthly payments were necessary. The Attorney for the Debtor stated that the spouse has cancelled checks to verify the payments and that the Debtor and her spouse have an arrangement under which he is responsible for payment of all of the household expenses and his own personal debts and she is responsible for payment of

her own personal expenses and those of their two daughters. It was also noted that the nondebtor spouse had filed for a Chapter 7 Bankruptcy on April 25, 1990 and it had been granted. The Debtor was ordered to file amended schedules to reflect her income and expenses alone and to list the jewelry that was insured.

Amended schedules were filed on November 20, 1992. Debtor listed jewelry with an estimated value of Six Hundred Thirty Five and 00/100 Dollars ($635.00). Her monthly income was listed as Eight Hundred Fifty Four and 49/100 Dollars ($854.49) and her monthly expenses totalled Eight Hundred Twenty Two and 06/100 Dollars ($822.06).

A continuation of the Hearing was held on January 25, 1993. The U.S. Trustee questioned the amended schedules. The Debtor listed a payment of One Hundred Seventy Five and 00/100 Dollars ($175.00) a month to Hudson Credit Union for a prepetition debt as an expense and also a monthly payment of Fifty Six and 02/100 Dollars ($56.02) to State Home Savings for an educational loan. The latter loan had not been listed with the other unsecured debts because it is nondischargeable. An amended schedule was to be filed to add this. The U.S. Trustee requested a Rule 2004 examination of the Debtor.

On February 25, 1993 the U.S. Trustee took a deposition of the Debtor. A Stipulation of Fact was filed on March 9, 1993. The U.S. Trustee concluded from the information obtained that based on the Debtor's income alone, of Eight Hundred Twenty Two and 06/100 Dollars ($822.06) and adjusted monthly expenses of Six Hundred Seventeen and 06/100 Dollars ($617.06), the Debtor would be able to repay 39% of her unsecured obligations over a five year period.

### LAW

11 U.S.C. § 707(b) Dismissal.

(b) After notice and hearing, the court, on its own motion or on a motion by the United States trustee, but not at the request or suggestion of any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts if it finds that granting of relief would be a substantial abuse of the provisions of this chapter. There shall be a presumption in favor of granting the relief requested by the debtor.

### DISCUSSION

■ This case presents the primary issue of whether granting relief to this debtor would create a substantial abuse of the provisions of Chapter 7, thus requiring dismissal pursuant to 11 U.S.C. § 707(b). However, in order to resolve this issue another issue must be addressed first. This secondary issue is whether the Court should consider the income of a nondebtor spouse when making its inquiry and determination.

It has been held that the income of a nondebtor spouse must be taken into consideration in order to determine whether a case constitutes a substantial abuse under the provisions of Chapter 7. See *Matter of Strong*, 84 B.R. 541 (Bankr.N.D.Ind.1988). In *Strong*, at page 543, the court compared the circumstances surrounding a substantial abuse inquiry to those of a Chapter 13 plan confirmation and undue hardship situations. The court concluded that in all three, the income of a nondebtor spouse has a bearing on the debtor's financial situation. In *In re Bryant*, 47 B.R. 21 (Bankr. W.D.N.C.1984), the court considered the total income and expenses of both the debtor and the nondebtor spouse in determining that a substantial abuse of Chapter 7 was present.

The resolution of the issue of substantial abuse, for purposes of this case, is then primarily focused on whether the Debtor's income considering all of the circumstances would allow her to repay a substantial portion of her unsecured debt under a Chapter 13 plan. See *In re Renner*, 70 B.R. 27, 29 (Bankr.D.N.D.1987); *In re Hudson*, 56 B.R. 415, 419 (Bankr.N.D. Ohio 1985); *In re Bell*, 56 B.R. 637, 641 (Bankr.E.D.Mich. 1986).

In this case it appears that the Debtor's income and expenses considered along with that of her nondebtor spouse, if accurately reported on the schedules filed, would be sufficient to support a Chapter 13 plan without imposing undue hardship. It is the opinion of the Court that there is substantial discretionary income built into the Debtor's schedule which would be sufficient to pay her creditors a substantial portion, if not all, of their claims.

On her own schedule of expenses the Debtor listed two monthly payments that could be applied to repayment of her debt. The Debtor is paying One Hundred Seventy Five and 00/100 Dollars ($175.00) to Hudson Credit Union on a prepetition debt and Thirty and 00/100 Dollars ($30.00) for recreation, clubs and entertainment. There are also a number of expenses listed on the combined schedule of expenses for the Debtor and her spouse that appear to be unnecessary or purely discretionary: Thirty and 00/100 Dollars ($30.00) for cable television; Sixty and 00/100 Dollars ($60.00) for daughter's riding lessons; Twenty Five and 00/100 Dollars ($25.00) for gifts; Thirty and 00/100 Dollars ($30.00) for bowling; Fifteen and 00/100 Dollars ($15.00) for jewelry insurance. By eliminating these expenses Three Hundred Sixty Five and 00/100 Dollars ($365.00) could be saved and applied to repayment of creditors.

As of February 25, 1993 the Debtor's total unsecured obligation was Thirty One Thousand Ninety Six and 77/100 Dollars ($31,096.77). A payment of Three Hundred Sixty Five and 00/100 Dollars ($365.00) over five years would pay off 70% of the debt. A five year Chapter 13 Plan with 100% payment to creditors is feasible if consideration is given to payments made by the nondebtor spouse to his father and brother in the amounts of Three Hundred and 00/100 Dollars ($300.00) and One Hundred Fifty and 00/100 Dollars ($150.00), respectively. The debt to his brother, based on the information provided on the schedule, will be paid off in six months and the debt to his father will be paid off in fourteen months. As these debts are paid off the money could be used to pay off the Debtor's creditors. The Three Hundred Sixty Five and 00/100 Dollar ($365.00) payment could be increased to Five Hundred Fifteen and 00/100 Dollars ($515.00) in six months and then to Eight Hundred Fifteen and 00/100 Dollars ($815.00) in fourteen months.

There were also a number of other expenses listed by the Debtor and her spouse that seemed unduly high. These expenses include One Hundred and 00/100 Dollars ($100.00) a month for telephone and Two Hundred Fifteen and 00/100 Dollars ($215.00) for transportation which does not include a car payment of Two Hundred Sixty Five and 00/100 Dollars ($265.00) nor an automobile insurance payment of Sixty Five and 00/100 Dollars ($65.00) a month. This leads the Court to believe that the Debtor has more discretionary income than she reported. Consequently, it is the conclusion of this Court that the granting of relief in this case would be a substantial abuse of the provisions of Chapter 7. Therefore the U.S. Trustee's Motion to Dismiss should be Granted.

In reaching the conclusion found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this opinion.

Accordingly, it is

**ORDERED** that the Trustee's Motion to Dismiss be, and is hereby, **GRANTED** under the provisions of § 707(b).