## In re John FESSLER, Debtor.

### Bankruptcy No. 93–32736.

United States Bankruptcy Court,
N.D. Ohio,
Western Division.

April 14, 1994.

Lenore Kleinman, Dean Wyman, Cleveland, OH, Office of U.S. Trustee.

H. Buswell Roberts, Jr., Toledo, OH, trustee.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This matter comes before the Court upon the United States Trustee's (herein "U.S. Trustee") Motion to Dismiss and Debtor's Objection. At the Hearing, the parties were afforded the opportunity to present evidence and arguments they wished the Court to consider in reaching its decision. Both Debtor and the U.S. Trustee filed Post Hearing Briefs. The Court has reviewed the arguments of counsel, exhibits, relevant statutory and case law, as well as the entire record. Based upon that review and for the following reasons, this Court finds that the U.S. Trustee's Motion to Dismiss should be Denied.

*FACTS*

Debtor filed for Bankruptcy under Chapter 7 on September 23, 1993. Debtor, previously employed at Keystone Cylinderhead Exchange, is now employed at Sylvania Marathon, earning net monthly income of One Thousand Eighty-seven and 04/100 Dollars and ($1,087.04). Debtor does not list any income for his nondebtor spouse in the schedules, although in his Post Hearing Brief, Debtor admits that his nondebtor spouse is employed thirty (30) hours per week and makes Six and 00/100 Dollars ($6.00) per hour. Debtor lists monthly expenses of One Thousand Eight Hundred Forty-nine and 00/100 Dollars ($1,849.00), including utilities and the mortgage payments on the house which Debtor shares with his nondebtor spouse. Debtor also lists home maintenance expenses, and such expenses as food, clothing, laundry, and other normal living expenses.

Debtor lists secured debt of Thirty Nine Thousand Five Hundred Twenty-seven and 73/100 Dollars ($39,527.73), which is the amount owed on the mortgage on Debtor's house. Debtor and his spouse each own a one-half interest in the house as tenants by the entirety. Debtor is reaffirming the mortgage.

Debtor lists unsecured priority debts totaling Eight Thousand Sixty-five and 87/100 Dollars and ($8,065.87). Debtor's unsecured nonpriority debts total Seventeen Thousand Sixty-three and 34/100 Dollars ($17,063.34). Most of these debts are from credit card purchases. The rest of these debts are business-related. Three (3) of them, totaling Five Thousand Eight Hundred Thirty-two and 30/100 Dollars ($5,832.30), have a codebtor whose name is not given in the schedules.

The U.S. Trustee has filed a Motion to Dismiss, asserting that to grant Debtor a Discharge under Chapter 7 of the Bankruptcy Code would be a substantial abuse pursuant to 11 U.S.C. § 707(b). As the Trustee points out, Debtor's nondebtor spouse, Debbie Fessler, filed for Bankruptcy under Chapter 7 in 1992. In that case she listed unsecured nonpriority debts of Twenty Five

Thousand, Four Hundred Twenty-nine and 79/100 Dollars ($25,429.79), most of which was consumer-related credit card debt. Mrs. Fessler listed priority unsecured debts of Six Thousand Five Hundred and 00/100 Dollars ($6,500.00), and secured debts of Forty One Thousand Four Hundred Twenty-six and 23/100 ($41,426.23). Mrs. Fessler reaffirmed the secured debt, which included the mortgage on the house, upon which the Debtor in this case is reaffirming, and her car loan. Most of the unsecured nonpriority debts which Mrs. Fessler listed when she filed for bankruptcy were incurred during the same period of time as most of the unsecured, nonpriority debts listed by Debtor in the present case.

## LAW

**11 U.S.C. § 101**

**§ 101. Definitions.**

(8) "consumer debt" means debt incurred by an individual primarily for a personal, family, or household purpose.

**11 U.S.C. § 707**

**§ 707. Dismissal.**

(b) After notice and a hearing, the court, on its own motion or on a motion by the United States Trustee, but not at the request or suggestion of any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts if it finds that the granting of relief would be a substantial abuse of the provisions of this chapter. There shall be a presumption in favor of granting the relief requested by the debtor.

## DISCUSSION

■ This is a Core Proceeding pursuant to 28 U.S.C. § 157(b)(2)(O). The issue in this case is whether, pursuant to 11 U.S.C. § 707(b), it would be a substantial abuse of the provisions of Chapter 7 to grant Debtor a discharge when his spouse received a discharge pursuant to Chapter 7 approximately six (6) months before Debtor filed for bankruptcy.

■ In *In re Krohn,* the Sixth Circuit sets out factors a court should look at in determining whether to dismiss a bankruptcy case under 11 U.S.C. § 707(b). *In re Krohn,* 886 F.2d 123 (6th Cir.1989).

"In determining whether to apply § 707(b) to an individual debtor ... a court should ascertain from the totality of the circumstances whether he is merely seeking an advantage over his creditors, or instead is 'honest,' in the sense that his relationship with his creditors has been marked by essentially honorable and undeceptive dealings, and whether he is 'needy' in the sense that his financial predicament warrants the discharge of his debts in exchange for liquidation of his assets.... Counted among [the factors to consider] would surely be the debtor's good faith in filing schedules and other documents, whether he has engaged in 'eve of bankruptcy purchases,' and whether he was forced into Chapter 7 by unforeseen or catastrophic events." *Krohn* at 126.

The court in *Krohn* lists other factors to consider, including whether the debtor has the ability to pay his debts out of his future income; whether he has a stable source of future income; and whether his expenses can be reduced without depriving him of necessities such as food and shelter. *Krohn* at 126–27. In the present case, Debtor has not engaged in any "eve of bankruptcy purchases." Rather, Debtor seeks to discharge debts that would have been discharged anyway had he and his spouse filed for joint bankruptcy under Chapter 7. The nonpriority unsecured debts which Debtor seeks to discharge are debts that were incurred mostly at the same time as the debts which his spouse had discharged in a Chapter 7 bankruptcy.

As for candor and good faith in filing schedules, Debtor lists expenses such as the mortgage on the jointly owned home, and expenses related to the upkeep of this home, to which his spouse should contribute, as these expenses provide her with as much benefit as they provide Debtor. Debtor, however, has not listed nondebtor spouse's income on the schedules, even though she is employed, earning Six and 00/100 Dollars ($6.00) per hour.

Another factor cited by the court in *Krohn* is whether Debtor could decrease his expenses without impairing his ability to pay for food, shelter, and other necessities. All of Debtor's expenses listed in Schedule J are expenses related to the needs of his family: the mortgage payment on his house, utilities, clothing, food, laundry, and other such expenses. The Debtor states in his Post Hearing Brief that he cannot afford health insurance for his family. From this schedule it appears that Debtor cannot decrease his monthly expenses to an amount that would allow him to repay his creditors. Even if the nondebtor spouse contributes her income, Debtor and his spouse do not appear to have the ability to pay their debts. The court in *Krohn* dismissed debtor's bankruptcy partly because of the debtor's extravagance. The facts in the present case differ from the facts in *Krohn*, in that Debtor, in the present case, does not appear to be spending money on frivolous expenses, such as the custom made clothes the debtor in *Krohn* said his wife needed or the Four Hundred Thirty-five and 00/100 Dollars ($435.00) the debtor in *Krohn* spent on monthly recreation. *Krohn* at 125.

The court in *Krohn* also looks at whether a Debtor went into bankruptcy due to some unforeseen calamity, and whether Debtor's employment is stable. Debtor states that he and his nondebtor spouse became unemployed in 1992. Debtor does not state how long they were unemployed, but at the time he filed bankruptcy, Debtor had worked for Keystone Cylinderhead for four (4) months, which would mean he became employed around May of 1993. Loss of employment of not one (1) but both breadwinners in a household arguably constitutes a calamity, and the fact that Debtor has already changed jobs within one (1) year of finding employment again shows that his employment may not be stable.

In support of the Motion to Dismiss, the U.S. Trustee cites *In re Smith*, 157 B.R. 348 (Bankr.N.D.Ohio 1993). In *Smith*, the debtor had nearly Nine Hundred and 00/100 Dollars ($900.00) per month left over after monthly expenses, and the court determined that debtor could afford an additional Three Hundred Sixty-five and 00/100 Dollars ($365.00) per month to pay off his creditors. *Id.* at 349–50. The court in *Smith* also held that the income of a nondebtor spouse should be taken into account when determining whether to grant debtor a discharge under Chapter 7. *Id.* at 350. In contrast, in the present case, Debtor and his spouse make barely enough to cover the costs of their necessities or health insurance. Debtor in his Post Hearing Brief states that his wife earns approximately Seven Hundred Eighty and 00/100 Dollars ($780.00) per month. This amount, combined with Debtor's monthly income of One Thousand Eighty-seven and 04/100 Dollars ($1,087.04), is barely enough to cover Debtors' listed monthly expenses of One Thousand Eight Hundred Forty-nine and 00/100 Dollars ($1,849.00).

The U.S. Trustee cites *In re Brown*, 88 B.R. 280, 284 (Bankr.D.Hawaii 1988) to show that a debtor who tries to have his debts discharged in bankruptcy while protecting substantial assets should not receive a discharge. In *Brown*, the debtor was trying to get his debts discharged while holding on to large amounts of real estate, stock, and money. *Id.* at 282. The court in *Brown* said that "where an individual seeks to discharge his debts by shielding his wealth, ... such an individual is not seeking a 'fresh start', but is requesting the court to permit him to continue living 'like a king'." *Brown* at 285. The court in *Brown* found that based upon the circumstances the debtor did not need a discharge. The U.S. Trustee cites to *Brown* to make the point that debtors who try to take advantage of the system should not be granted discharges.

In the present case, the U.S. Trustee asserts that the Debtor and his nondebtor spouse are trying to take advantage of the system in filing "staggered" bankruptcies, rather than a joint bankruptcy. If Debtor had, subsequent to the filing of his spouse's bankruptcy, run up large debts on his credit cards and through other purchases, then sought a discharge in bankruptcy, that would constitute a substantial abuse, as in *Brown.* However, what Debtor seeks is the discharge of debts that were incurred prior to his spouse's filing of bankruptcy, debts which could have been discharged had he and his

wife filed a joint petition for bankruptcy under Chapter 7. This Court finds that in this case, the filing of "staggered" bankruptcies by Debtor and his spouse does not rise to the level of abuse. In viewing the criteria set out in *Krohn,* the applicable Sixth Circuit case, this Court does not see any substantial reason to dismiss Debtor's Petition for relief under Chapter 7. *See Krohn* at 126–27. 11 U.S.C. § 707(b) states that "there shall be a presumption in favor of granting the relief requested by the debtor." 11 U.S.C. § 707(b). In light of this presumption, and lack of any case law or significant facts which would support dismissal of Debtor's Petition for relief under Chapter 7, the Court therefore finds that the United States Trustee's Motion to Dismiss should be Denied.

In reaching the conclusion found herein, the Court has considered all of the evidence, exhibits, and arguments of counsel, regardless of whether or not they are specifically referred to in this opinion.

Accordingly, it is

**ORDERED** that the U.S. Trustee's Motion to Dismiss be, and is hereby, **DENIED.**