In re Lisa M. **WILKINSON**, Debtor.

Bankruptcy No. 93–32212.

United States Bankruptcy Court,
N.D. Ohio,
Western Division.

April 19, 1994.

Daniel G. Camick, Toledo, OH, for debtor.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court on the United States Trustee's Motion to Dismiss under 11 U.S.C. § 707(b). A Hearing was held in which the parties were afforded the opportunity to present evidence and arguments they wished the Court to consider in reaching its decision. The Court has reviewed the arguments of Counsel, exhibits, relevant statutory and case law, and the entire record. Based upon that review and for the following reasons, the United States Trustee's Motion to Dismiss should be Granted.

## FACTS

On July 29, 1993, the Debtor filed for Bankruptcy under Chapter 7 of the Bankruptcy Code. She completed and filed schedules listing her income, expenses, secured and unsecured debts. Debtor listed monthly income of Eight Hundred Dollars ($800.00) and monthly expenses of One Thousand Nine Hundred Thirty-four Dollars and Eighty-eight Cents ($1,934.88). She did not, however, list the income or all of the expenses of her current spouse. Debtor listed as personal property, child support arrearages of Ten Thousand Six Hundred Dollars ($10,600.00), owed by her ex-husband. Debtor's ex-husband is ordered to pay Two Hundred Dollars ($200.00) per month but has not done so since May of 1988.

On November 18, 1993, the Trustee filed a Motion to Dismiss under 11 U.S.C. § 707(b). The Trustee asserted that to grant Debtor a discharge would be a substantial abuse because Debtor and her spouse have a total net monthly income after expenses of One Thousand Fifteen Dollars ($1,015.00). Subsequent to the filing of the Trustee's Motion to Dismiss, Debtor filed amendments to the Schedules, showing her spouse's net monthly income to be One Thousand Nine Hundred Forty-seven Dollars ($1,947.00), making total monthly income Two Thousand Seven Hundred Forty-seven Dollars ($2,747.00). The Amendment lists expenses in addition to those listed in the original Schedule, making the total monthly expenses for both Debtor and her nondebtor spouse Two Thousand Two Hundred Thirty-nine Dollars and Seventy-nine Cents ($2,239.79). These expenses include Two Hundred Four Dollars and Twenty-eight Cents ($204.28) per month for a boat and insurance for the boat. The difference between monthly income and monthly expenses is Five Hundred Seven Dollars and Twenty-one Cents ($507.21).

Debtor lists secured debts of Sixty-two Thousand Forty-four Dollars ($62,044.00) and unsecured debts of Eleven Thousand Three Hundred Eighty-one Dollars ($11,381.00). Of the unsecured debts, Seven Thousand Five Hundred Forty-three Dollars

($7,543.00) is owed to Fidelity Guaranteed Mortgage of Albany, Georgia (herein "Fidelity"). This debt was incurred by Debtor's ex-husband. Debtor is liable because she was the co-signor and her ex-husband defaulted. Debtor's attorney has stated in a letter to this Court that Debtor intends to reaffirm all her debts except for the debt to Fidelity Guaranteed Mortgage.

## LAW

11 U.S.C. § 707

§ 707. Dismissal.

(b) After notice and hearing, the court, on its own motion or on a motion by the United States trustee, but not at the request or suggestion of any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts if it finds that granting of relief would be a substantial abuse of the provisions of this chapter. There shall be a presumption in favor granting the relief requested by the debtor.

### DISCUSSION

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(O).

█ This case presents the primary issue of whether granting relief to this Debtor would be a substantial abuse of the provisions of Chapter 7, thus requiring dismissal pursuant to 11 U.S.C. § 707(b). However, in order to resolve this issue, another issue must be addressed first. The secondary issue is whether the Court should consider the income of a nondebtor spouse when making its inquiry and determination.

This Court, in *In re Deandria Smith,* 157 B.R. 348 (1993), and other Bankruptcy courts, have held that the income of a non-debtor spouse must be taken into account in an inquiry as to whether a case constitutes a substantial abuse under the provisions of Chapter 7 of the Bankruptcy Code. In the *Deandria Smith* case this Court relied on *Matter of Strong,* 84 B.R. 541 (Bankr. N.D.Ind.1988), in which the court compared a substantial abuse inquiry to a Chapter 13 Plan Confirmation and also to undue hard-ship situations. *See also In re Bryant,* 47 B.R. 21 (Bankr.W.D.N.C.1984). The court in *Strong* concluded that all three (3) of those situations "necessitate a determination of how much disposable income, after subtracting the reasonable and necessary expenses will be available to a given debtor. There is no justification for ignoring the impact of a non-petitioning spouse's income on a debtor's financial situation." *Strong* at 543, (citing *In re Kern,* 40 B.R. 26 (Bankr.S.D.N.Y.1984)).

The present case is a prime example of the importance of the nondebtor spouse's income to the Debtor. In the schedule which Debtor originally filed, Debtor lists monthly income of Eight Hundred Dollars ($800.00) and monthly expenses for herself of One Thousand Nine Hundred Thirty-four Dollars ($1,934.00). Debtor stated that her nondebtor spouse contributes to the expenses. Because of nondebtor spouse's contribution of income towards the expenses, the Debtor can afford a much better lifestyle than without such income. The nondebtor spouse's income allows Debtor to live in a house with mortgage payments that exceed half her monthly income. Debtor and her husband also have a boat, something which Debtor probably could not afford on Eight Hundred Dollars ($800.00) per month.

But most importantly, it is because of the nondebtor spouse's income that Debtor has stated that she will reaffirm all her debts other than the debt to Fidelity. Debtor has taken into consideration her nondebtor spouse's income in determining what debts she can afford to reaffirm. This Court, in looking at the nondebtor spouse's income, is simply using the same standard that Debtor has used to assess her ability to pay. This Court finds that Debtor has the ability to pay the debt to Fidelity Guaranteed Mortgage in twenty (20) months if her husband contributes to the payments. If Debtor does choose to pay off the debt in as little as twenty (20) months, she can maintain her current standard of living, even retaining the boat which the Trustee in his Motion for Dismissal considered to be a luxury that Debtor could do without. Therefore, based upon the law cited above and the facts of this case, this Court finds that the income of Debtor's spouse

should be taken into account when determining whether Debtor has the ability to repay her Creditors.

In determining whether to grant relief to this Debtor would be a substantial abuse to the provisions of Chapter 7, this Court relies upon the principles established in *Strong.* In *Strong,* the Court states that the purpose of Section 707(b) is "to provide the bankruptcy court with the means to deny Chapter 7 relief to debtors unnecessarily discharging their consumer debts, while still guaranteeing a fresh start to those sincerely experiencing economic hardship." *Strong* at 544. The United States Supreme Court held that the purpose of a Chapter 7 Bankruptcy is to afford relief to a debtor when he finds himself in financial circumstances which threaten his immediate well-being. *Perez v. Campbell,* 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971); *See also In re Hudson,* 56 B.R. 415, 419 (Bkrtcy.N.D.Ohio 1985). "If a debtor has the ability to repay all or a substantial portion of his debts within a reasonable time, while at the same time maintaining a reasonable standard of living, then he cannot be so financially destitute that his immediate welfare is in question." *Id.* at 419; *See also In re Krohn,* 886 F.2d 123 (6th Cir.1989).

The controlling case in the Sixth Circuit is *In re Krohn, Id.* In *Krohn* the court states that to determine whether substantial abuse exists a court should look at the totality of the circumstances to see whether: (1) Debtor "... is merely seeking an advantage over his creditors, or instead is 'honest' in the sense that his relationship with his creditors has been ... undeceptive ...," and (2) "... whether he is 'needy' in the sense that his financial predicament warrants the discharge of his debts in exchange for liquidation of his assets." *Id.* at 126; *See also 4 Collier on Bankruptcy* at § 707–20. The court goes on to say that "[s]ubstantial abuse can be predicated upon either lack of honesty or want of need." *Id.* at 126. The court in *Krohn* then sets out several factors which are to be taken into account when determining whether Debtor is "needy". *Id.* The court states that ability of Debtor to pay her debts may alone be enough to warrant

dismissal of a Chapter 7 Bankruptcy. *Id.* at 126. "Other factors relevant to need include whether the Debtor enjoys a stable source of future income, whether he is eligible for ... Chapter 13 Bankruptcy, whether there are state remedies with potential to ease his financial predicament, the degree of relief available through private negotiations, and whether his expenses can be reduced significantly without depriving him of adequate food, clothing, shelter, and other necessities." *Id.* at 126–27. The court lists additional factors: Debtor's "financial situation not [being] the product of any unforeseen or catastrophic event, and a catalogue of excess after the petition was filed...." *Id.* at 128.

In the present case, all the factors which the Sixth Circuit sets out in *Krohn* as showing lack of need are present. Debtor and her spouse both have steady employment which provide them with enough income to be able to pay off their Creditors without going through a Chapter 7 bankruptcy. Debtor does have at least one (1) state remedy at her disposal which could ease her financial situation. She could sue her former husband for the support that he has failed to pay since 1988. The arrearages are enough to pay all of Debtor's unsecured debts, although in reality it may be very difficult to even find Debtor's ex-husband, let alone to collect several thousand dollars from him. Debtor's expenses can be reduced without depriving her of the necessities of life. Debtor can, as stated above, decrease her expenses by over Two Hundred Dollars ($200.00) per month by getting rid of the boat. As the court in *Krohn* points out, it is not fair to creditors (in this case, Fidelity, the only creditor whose debt Debtor is not reaffirming) for a debtor to receive the benefit of a discharge when the debtor is capable of paying the debt without suffering much more than "a good, old-fashioned belt tightening." *Id.* at 128.

Although this Court believes it is arguably no more fair for Debtor to be stuck with the debt (to Fidelity Guaranteed Mortgage) incurred by her deadbeat ex-husband, than it is for the creditor not to be paid, the law does not provide an exception for such circumstances. The law states that where it

would constitute a substantial abuse of the provisions of Chapter 7 to grant a discharge, the case should be dismissed. In the present case, the Debtor has the ability to pay off all her debts without changing her lifestyle. It would therefore be a substantial abuse of the provisions of Chapter 7 to grant Debtor a discharge in this case. Therefore, the United States Trustee's Motion to Dismiss should be Granted.

In reaching the conclusion found herein, the Court has considered all of the evidence, testimony of the parties and corroborating witnesses, exhibits and arguments of counsel, regardless of whether they are referred to in this opinion.

In judging the credibility of the witnesses and the weight given to their testimony, this Court has considered the witnesses' age, intelligence, memory and demeanor while testifying. The Court has also considered the reasonableness of the witnesses' testimony in light of the evidence in the case and any interest, bias, or prejudice that they may have.

Accordingly, it is

**ORDERED** that the Trustee's Motion to Dismiss be, and is hereby, **GRANTED** under the provisions of 11 U.S.C. § 707(b).