In re Dennis SMITH SS# 280–48–8651, Vicki Smith SS# 288–50–3849, 825 Elm Court, Evans, Georgia, 30809, Debtors.

**Donald Walton, Acting United States Trustee, Movant,**

**v.**

**Dennis Smith, Vicki Smith, Respondents.**

**Bankruptcy No. 96–11236.**

United States Bankruptcy Court,
S.D. Georgia,
Augusta Division.

Aug. 26, 1997.

896

Terrance P. Leiden, Attorney at Law, Augusta, GA, for Debtor.

Columbus Gilmore, Assistant United States Trustee, Savannah, GA, for United States Trustee.

### ORDER

JOHN S. DALIS, Chief Judge.

Dennis and Vicki Smith filed this case under Chapter 7 of Title 11, United States Code. The United States Trustee (hereinafter "Trustee") moves to dismiss the case, alleging that the Debtors filed the petition in bad faith and that the filing constitutes a substantial abuse of the bankruptcy provisions. The motion is granted.

The Debtors are both self employed real estate agents. Schedule of Debtor's petition list gross monthly income from the operation of their business of $9,600.00, less business expenses of $5,403.00, for net monthly before tax income of $4,197.00. The business expenses included a $571.00 lease payment on a 1996 Lexus automobile. The Debtors entered this luxury automobile lease in April of 1996, three months prior to filing this case. The Debtors admitted that at the time they entered the lease, they were experiencing severe financial difficulties. Furthermore, Mr. Smith admitted that he entered into the lease by "rolling over" a lease of a 1993 Lexus with one year remaining. In Schedule I of their petition, the Debtors listed combined gross monthly income of $4,197.00 ($50,364.00 per year) less payroll deductions totaling $1,332.92 plus other income of $200.00 for a net monthly income of $3,064.08. The Debtors have underestimated their actual income. For the two years prior to the filing of this case (1994 & 1995), the Debtors claimed on their tax returns total income of $70,573.00 and $81,842.00. These figures are significantly greater than the $50,364.00 ($4,197.00 × 12 = $50,364.00) gross monthly income listed in Schedule I. In 1995, the Debtors claimed on their tax returns gross business income of $136,229.00 less business expenses of $68,172.00 for net business income of $68,057.00. Additionally

in 1995 the Debtors claimed additional income of $2,516.00, for total net pre-tax income of $70,573.00. After taxes of $14,990.00, the Debtors' net disposable income for 1995 totaled $55,583.00.

In their schedules, the Debtors claim current gross business income of only $115,200.00 ($9,600.00 × 12 = $115,200.00) for the year 1996. Mr. Smith initially testified that the actual gross business income totaled $139,500.00, but under cross examination by the Trustee admitted that the actual gross income for the business totaled $152,635.00 for 1996, an average of $12,719.58 a month ($152.635.00 ÷ 12 = $12,719.58). The Debtors schedules list monthly business expenses of $5,403.00, but Mr. Smith testified that he believed the average monthly business expenses actually equaled $7,989.00. Mr. Smith contends that the business expenses for October thru December averaged just under $8,000.00, and that these expenses represented "average" months. However, Mr. Smith also testified that in the months of January thru March they greatly reduced their advertising expenses due to the slow cyclical market. I find that the Debtors' scheduled business expense underestimated their actual business expenses, but that the level of expenses asserted at hearing overstates their actual business expenses. I find that their actual business expenses average $6,000.00 a month. The Debtors' monthly net income from business therefore totals $6,719.58 ($12,719.58 − $6,000.00 = $6,719.58). Adding their scheduled additional income of $200.00 per month leaves the Debtors before-tax monthly income of $6,919.50. The Debtors scheduled payroll deductions of $666.46, but given the increased income listed, that figure also should be increased. I find that a reasonable payroll deduction for taxes should total $2,000.00, leaving net after-tax income of $4,919.50.

In Schedule J, personal living expenses, the Debtors listed the following:

| | |
|---|---|
| Mortgage payment (excluding taxes and insurance) | $1695.00 |
| Utilities | 375.00 |
| Home Maintenance | 150.00 |
| Food | 450.00 |
| Clothing | 150.00 |
| Laundry & Dry Cleaning | 45.00 |
| Medical & Dental | 100.00 |
| Transportation | 140.00 |
| Recreation, clubs | 50.00 |
| Charitable Contributions | 50.00 |
| Health Ins. | 100.00 |
| Car Payments | 143.00 |
| Home Owners' Dues | 16.67 |
| IRS | 500.00 |
| Ga. Dept. of Rev. | 100.00 |
| TOTAL | $4064.67 |

The Debtors also listed secured debt of $207,806.00, tax debts of $19,300.00, and general unsecured debt of $79,165.96, the unsecured debt is exclusively credit card obligations.

The Trustee moves to dismiss the Debtors' case under 11 U.S.C. § 707(a) & (b)[1]. The list of circumstances in which a court may dismiss a case "for cause" under § 707(a) is non-exclusive, and includes the requirement that a debtor's petition be filed in good faith. *In re Zick*, 931 F.2d 1124 (6th Cir.1991). Good faith must be determined on a case-by-case basis considering whether the provisions, purpose or spirit of the bankruptcy laws have been abused. *In re Sky Group Int'l*, 108 B.R. 86, 90 (Bankr.W.D.Pa.1989). Once the movant puts the debtor's good faith at issue, the debtor has the burden of establishing good faith. *In re Frisch*, 76 B.R. 801, 804 (Bankr.D.Colo.1987); *In re Hammonds*,

1. 11 U.S.C. § 707 provides:
   (a) The court may dismiss a case under this chapter only after notice and a hearing and only for cause, including—
   (1) unreasonable delay by the debtor that is prejudicial to creditors;
   (2) nonpayment of any fees or charges required under chapter 123 of title 28, and
   (3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521, but only a motion by the United States trustee.
   (b) After notice and a hearing, the court, on its own motion or on a motion by the United States Trustee, but not at the request or suggestion of any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts if it finds that the granting of relief would be a substantial abuse of the provisions of this chapter. There shall be a presumption in favor of granting the relief requested by the debtor.

139 B.R. 535 (Bankr.D.Colo.1992). Bad faith can be established, inter alia, by a debtor's failure to significantly reduce his or her current lifestyle to pay creditors. *In re Bush*, Ch. 7 Case No. 93–10771, slip op. (Bankr. S.D. Ga. Oct. 18, 1993 Davis, J.), citing, *In re Zick*, 931 F.2d at 1128. Section 707(b) allows a court to dismiss a case filed by an individual debtor owing primarily consumer debts if granting the debtor relief would be a substantial abuse of the provisions of Chapter 7. Under § 707(b), the Trustee carries the burden of establishing substantial abuse, and the court should grant dismissal only where substantial abuse is clearly present.

■ The Trustee argues that the Debtors filed this petition in bad faith under § 707(a) because they failed to substantially reduce their expenses prior to the filing and because the filing is an attempt to preserve a standard of living above that which the Debtors can afford. I agree with the Trustee's analysis. The Debtors listed the value of the home in their schedules as $203,000.00, but testified at hearing that the house was valued between $212,000.00 and $215,000.00. The Debtors argue that maintaining the $1,695.00 monthly mortgage payment does not indicate bad faith because the Debtors purchased the home in 1990 when the Debtors' monthly income exceeded their current level. In 1990 Mr. Smith was employed by Greenfield Industries. The Debtor was terminated by Greenfield in 1993 and received a six month severance package. Mrs. Smith previously was licensed and employed as a real estate agent. Upon his termination, Mr. Smith joined Mrs. Smith and became a self-employed real estate agent. Despite the fact that both Debtors are licensed real estate agents, they have made no effort to sell their home to move into more reasonable living accommodations following their reduction in income in the three years prior to filing this case. Instead, they are attempting to force their unsecured creditors to absorb the expenses of the lifestyle they have maintained but could no longer afford. Mr. Smith admitted that the cost of an average home was $100,000.00, less than half the value of the Debtors' current home. Mr. Smith also admitted that he could sell his current home and at least break even on the sale. I find

that the Debtors' maintaining their current home at the expense of their unsecured creditors and now attempting to discharge that accumulated unsecured debt constitutes bad faith.

Similarly, I find that the Debtor's entering into a lease of a Lexus luxury automobile for $571.00 per month immediately prior to filing bankruptcy constitutes bad faith. Mr. Smith testified that he executed the lease at a time they were in severe financial straits. Additionally, Mr. Smith executed this lease as a "roll over" of a prior lease which had one year remaining. The new lease left the Debtors with a lease payment approximately $100.00 higher than the previous lease. The failure of the Debtors to make substantial reductions in their monthly expenses, as evidenced by their attempt to maintain a home worth in excess of $200,000.00 and by executing a lease of a luxury automobile at $571.00 per month immediately prior to filing bankruptcy constitutes bad faith warranting dismissal of their petition under § 707(a).

■ Because it is undisputed that the Debtors are individuals with primarily consumer debts, the Trustee must only establish that the filing constitutes a substantial abuse of the Chapter 7 process to justify dismissal under § 707(b). The Trustee argues that three predominate factors establish that this filing constitutes substantial abuse. First, the debtors exhibited bad faith in filing the petition. As discussed above, the trustee has established the Debtors' bad faith in filing this petition. Second, the Debtors suffered no calamity which precipitated the filing, and that the filing merely results from their excesses. The Debtors argue that the termination of Mr. Smith's employment constituted the calamity resulting in the filing of this case. This argument is simply not supported by the facts. In the two years following Mr. Smith's termination the Debtors' income totaled $81,842.00 and $70,573.00. Furthermore, the evidence establishes that the Debtors' income for 1996 will be in this range. The petition filing was caused by the Debtors' failure in the three years prior to this filing to reduce their expenses and live within their means, not by Mr. Smith's employment

termination. Finally, the Trustee points to the Debtors' ability to repay all or a substantial portion of their unsecured debts as evidence of substantial abuse. The $571.00 automobile lease and the $1,695.00 mortgage payment which the Debtors' are attempting to maintain are not only evidence of bad faith, but they also constitute expenses which are not reasonable and necessary expenses for these Debtors. To calculate the Debtors' disposable income which can be paid into a Chapter 13 plan, I will reduce the luxury automobile lease payment by $100.00 because the Debtors could have simply retained the 1993 Lexus and driven it in the course of their business. Similarly, I will include only a reasonable monthly housing expense of $1,000.00 to calculate the Debtors' monthly expenses.

If the Debtors converted this case to a Chapter 13, their monthly expenses would also be reduced by $600.00, the amount listed as payments to the Internal Revenue Service and the Georgia Department of Revenue, as these claims would be paid through the Chapter 13 plan. This $600.00 reduction of expenses, combined with the $1,100.00 reduction in expenses claimed for the house and new luxury automobile, leaves the Debtors with monthly expenses of $2,364.67 ($4,064.67, Schedule J, − $1,100.00 − $600.00 = $2,364.67) and net disposable income of $2,554.83 ($4,919.50 − $2,364.67 = $2,554.83). Over thirty-six months, a $2,554.83 payment would yield $91,973.88, less a 6% Chapter 13 trustee commission of $5,518.43, leaves $86,455.45 available to be paid to unsecured creditors. After paying priority tax claims of $19,300.00, the remaining unsecured creditors would receive $67,155.45, a 84.8% dividend ($67,155.45 ÷ $79,165.96 = .8483). The Trustee has overcome the presumption in favor of discharge and by clear evidence established a substantial abuse.

It is therefore ORDERED that the Debtors' Chapter 7 case be dismissed because the Debtors filed the petition in bad faith and because allowing the Debtors Chapter 7 relief would constitute a substantial abuse of the bankruptcy process.