**In re ENGSKOW, Robert Louis, Debtor.**

**No. 99–13677–9P7.**

United States Bankruptcy Court, M.D. Florida, Ft. Myers Division.

Feb. 15, 2000.

Robert Gebhardt, Naples, FL, for debtor.

Diane Jensen, Ft. Myers, FL, Chapter 7 Trustee.

### ORDER ON UNITED STATES TRUSTEE'S MOTION TO DISMISS

ALEXANDER L. PASKAY, Bankruptcy Judge.

The matter under consideration in this Chapter 7 case is the U.S. Trustee's Motion to Dismiss, pursuant to 11 U.S.C. § 707(b). The Court has reviewed the Motion and the record, heard argument of counsel and based upon the same, now finds and concludes as follows:

Robert L. Engskow (Debtor) filed his voluntary Petition for relief under Chapter 7 of the Bankruptcy Code on August 23, 1999. The Debtor's Schedules reflect that the Debtor earns a gross annual salary of $50,000. The Debtor and his non-debtor spouse jointly own their homestead that has a scheduled value of $229,000. The Debtor scheduled a first mortgage on the homestead in the amount of $164,000 and a second mortgage in the amount of $50,000.

The Debtor and his wife also jointly own a 1992 Cadillac Seville valued at $11,000 with a lien of $12,000. They own a 1997 23–foot Maximum boat valued at $9,000 with a lien in the amount of $12,531.83. Their household furnishings are also subject to secured debt.

The Debtor scheduled unsecured debt in the total amount of $34,013.33. Of the eight unsecured debts listed, seven represent credit card debt.

The Debtor's monthly expenses of $4,295.52, as reflected on Schedule J, exceed the Debtor's net monthly income of $3,548.40, as reflected on Schedule I. The shortfall is due to the Debtor's monthly expenditures of $2,184.53 for homestead mortgages, taxes and insurance, over $450.00 for utilities, and over $225.00 for expenses related to owning a boat.

The U.S. Trustee contends that these expenditures are extravagant and that spending money in this fashion while the creditors will be paid nothing is a substantial abuse of the provisions of the Bankruptcy Code. Further, the U.S. Trustee notes that without an indication of the Debtor's spouse's income on Schedule I, it is impossible to evaluate the entire household's ability to pay expenses.

■ Under § 707(b) of the Bankruptcy Code, a Chapter 7 petition of an individual debtor whose debts are primarily consumer debts may be dismissed if the court finds that granting relief would be a substantial abuse of the Chapter. *In re La-manna*, 153 F.3d 1 (1st Cir.1998). There are two prerequisites which must be satis-

fied in order for a Chapter 7 case to be dismissed under § 707(b). First, the individual who seeks relief under Chapter 7 must have debts that are "primarily consumer debts." Second, the granting of relief must represent a substantial abuse under Chapter 7. *In re Gomes*, 220 B.R. 84 (9th Cir. BAP 1998).

■ A "consumer debt" is defined as a debt incurred by an individual primarily for a personal, family or household purpose. 11 U.S.C. § 101(8). In order to determine whether the debts are "primarily consumer debts," the Court must examine whether more than half the debts are for the purpose of family, the household, or personal. *See In re Dickerson*, 193 B.R. 67 (Bankr.M.D.Fla.1996). Seven out of the eight unsecured debts are credit card debts. The secured debts are the Debtor's homestead and a boat, both owned jointly with his spouse. Clearly, the majority of the Debtor's debts are consumer debts.

■ When determining whether there will be a substantial abuse of the provisions of the Bankruptcy Code, this Court agrees with the Honorable Paul M. Glenn that the totality of the circumstances test is the proper analysis in determining substantial abuse. *See In re Gentri*, 185 B.R. 368 (Bankr.M.D.Fla.1995); *In re Tindall*, 184 B.R. 842 (Bankr.M.D.Fla.1994). The case of *In re Green*, 934 F.2d 568 (4th Cir.1991) outlined the test, which involves an evaluation of the following factors:

(1) Whether the bankruptcy petition was filed because of sudden illness, calamity, disability or unemployment;

(2) Whether the debtor incurred cash advances and made

(3) Consumer purchases far in excess of his ability to pay;

(4) Whether the debtor's proposed family budget is excessive or unreasonable;

(5) Whether the debtor's schedules and statement of current income and ex-

penses reasonably and accurately reflect the true financial condition; and

(6) Whether the petition was filed in good faith.

*In re Green*, at 571. The Debtor cannot survive this test without taking the spouse's income into consideration. The Petition was not filed because of sudden illness, calamity, disability or unemployment. The Debtor did have a reduction in pay but continued to spend at his previous levels.

■ In determining the totality of circumstances, it is appropriate to consider the spouse's income. *In re Wilkinson*, 168 B.R. 626, 629 (Bankr.N.D.Ohio 1994); *see also In re Strong*, 84 B.R. 541 (Bankr. N.D.Ind.1988), (no justification for ignoring the impact of a non-petitioning spouse's income on a debtor's financial situation.)

The family budget proposed by the debtor is extremely skewed and totally misleading without considering the wife's income. The present budget provides that over half of the Debtor's monthly income will go towards the house and its maintenance. Once the Debtor pays the debts on the jointly owned property, the spouse would contribute almost nothing towards expenses involving the jointly owned property. Beyond the house, boat, and groceries, the Debtor's spouse would reap the benefits of the Debtor's bankruptcy. The Debtor's true financial condition cannot be ascertained without an assessment of the spouse's income and her contribution to the various expenses.

■ Another relevant factor is whether the debtor's expenses may be reduced significantly without depriving the debtor of adequate food, clothing, shelter, and other necessities of life. *In re Wilkinson*, 168 B.R. at 629 (Bankr.N.D.Ohio 1994). A boat is not a necessity of life. The Debtor spends over $225 a month on boat related expenses. Boat payments should not be included in the debtor's monthly budget.

*In re Rushing*, 93 B.R. 750 (Bankr. N.D.Fla.1988).

In *In re Smith*, 229 B.R. 895 (Bankr. S.D.Ga.1997), the debtor's homestead situation mirrors that of the instant debtor. The Chapter 7 filing was caused by the debtor's failure to reduce his expenses and live within his means. *See id.* at 899. The debtor's mortgage payments and $219,000 home were deemed excessive. The court in *Smith* determined that the debtor's case represented a substantial abuse of the provisions of Chapter 7.

■ This Court finds that the Debtor's current budget, which includes monthly mortgage payments and utilities associated with the home, is extravagant and unreasonable. Over half the Debtor's monthly budget is paid to mortgage holders and household expenses and $225 paid to maintain the Boat. If the budget were adjusted to include the spouse's income, the Debtor may have sufficient disposable income to pay at least part of the unsecured creditors.

If the Debtor were allowed to proceed with a Chapter 7, the Debtor's lifestyle would be maintained at the expense of the creditors. This Debtor seeks to discharge a substantial number of consumer claims. The Debtor has demonstrated an intent to maintain his current lifestyle which includes keeping a boat used solely for recreational purposes, and paying those creditors which he chooses to pay. The Debtor is paying virtually all the expenses on jointly owned property, without accounting for his spouse's income.

The case as it appears now, without any information concerning the amount that the Debtor's spouse provides towards joint expenditures, would be a substantial abuse of the provisions of the Bankruptcy Code. The Debtor should be afforded an opportunity to amend his schedules and monthly budget to provide information concerning his spouse's income within fifteen (15) days.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the U.S. Trustee's Motion to Dismiss Chapter 7 case be denied provided the Debtor amends his schedules and monthly budget to reflect his spouse's income and expenses within fifteen (15) days.