## In re Richard M. BROWNE, Debtor.

### No. 00–14650.

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

Oct. 3, 2000.

855

George E. Ressler, Cleveland, Ohio, for Richard M. Browne.

Steven S. Davis, Cleveland, Ohio, trustee.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

The matter before the Court is a Motion to Dismiss ("Motion") filed by the United States Trustee under Section 707(b) of the Bankruptcy Code. The Debtor, Richard M. Browne ("Debtor"), objects to the Motion.

As a result of a prior marriage, the Debtor is obligated to pay his former spouse $600 in monthly child support. Remarried and burdened by this obligation, in addition to an accumulation of consumer debt, the Debtor filed a voluntary petition in Chapter 7 bankruptcy on June 22, 2000.

The Debtor's petition schedules show no assets of real property, and $2,700 in personal property. His schedules further reflect $3,902 in secured debt, $7,801 in priority unsecured claims, and $16,145 in general unsecured debt. The Debtor reports that he receives $1,670 in net monthly income; his non-filing current wife nets $1,596 per month. Thus, the Debtor's reported net household income is $3,266, with $2,767 in monthly expenses.

Noting the $499 difference between income and expenses, the U.S. Trustee filed a Motion to Dismiss, pursuant to Section 707(b) of the Bankruptcy Code. It argues that the granting of relief in this case would constitute substantial abuse of the provisions of Chapter 7, because the Debtor's household enjoys approximately five hundred dollars per month that is not dedicated to the Debtor's bankruptcy. Although the disposable income ($499) comes from the non-debtor spouse's income, the U.S. Trustee contends that the Debtor has the ability to pay his debts in full if he were in a Chapter 13 bankruptcy.

The Debtor argues that his present wife should not be forced to pay for debts that were incurred prior to their marriage. He has been married to his present wife for a period of six months. Finally, the Debtor emphasizes that he filed his petition in good faith, that he leads a modest life style, and that he works two jobs in an effort to pay his debts.

Section 707(b) of the Bankruptcy Code provides:

> After notice and a hearing, the court, on its own motion or on a motion by the United States Trustee, but not at the request or suggestion of any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts if it finds that the granting of relief would be a substantial abuse of the provisions of this chapter. There shall be a presumption in favor of granting the relief requested by the debtor. . . .

11 U.S.C. § 707(b). The language of the statute creates two requirements that the moving party must establish. First, the Debtor's obligations must be primarily consumer debts. Second, granting a dis-

charge must constitute substantial abuse of the provisions of Chapter 7. The parties do not contest the former requirement.

The Code does not define "substantial abuse," but courts have generally looked to the totality of the circumstances to determine whether the debtor is in genuine need of relief. *In re Krohn*, 886 F.2d 123 (6th Cir.1989).

Herein, the U.S. Trustee asserts that the Debtor could pay a one-hundred percent dividend to unsecured creditors in Chapter 13. *Krohn*, 886 F.2d at 127. Although the *Krohn* decision found substantial abuse where a debtor was to pay less than a 100% dividend, an application of the totality of circumstances test dictated that was an appropriate result in that particular case. In the present matter, however, an application of the same standard renders a different result. First, *Krohn* does not require a finding of substantial abuse where an ability to pay exists; rather, it allows such a finding where the totality of the circumstances, including an ability to pay, suggests abuse. *Krohn*, 886 F.2d at 126. Second, this case is factually distinguishable because of the issue of the non-debtor spouse's income, the Debtor's substantial premarital debt, and the extraordinary effort he is making to make ends meet. Excluding his wife's income, the Debtor's monthly expenses exceed his income by $1,097. The U.S. Trustee does not contend that, absent the income of the non-debtor spouse, the Debtor could fund a Chapter 13 plan.

Within this district, the issue has arisen several times of whether the court should consider a non-debtor spouse's income in determining substantial abuse. In one instance, the court has ruled that consideration must include the spouse's income. See, *In re Wilkinson*, 168 B.R. 626 (Bankr. N.D.Ohio 1994); *In re Smith*, 157 B.R. 348 (Bankr.N.D.Ohio 1993). Another court, however, has ruled that "it is the debtor's 'excess income,' not that of the non-debtor spouse, that is the focus of the inquiry."

*In re Reese*, 236 B.R. 371, 376 (Bankr. N.D.Ohio 1999).

This Court has addressed the issue of Section 707(b) in a previous opinion.

> Some courts have narrowly used § 707(b) to deny a fresh start to a debtor who has an ability to repay its debts from future earnings in arriving at a finding of substantial abuse. Other courts have considered both § 707(b) factors, primarily consumer debts and substantial abuse, before denying a debtor a fresh start through Chapter 7 relief. This latter group of courts recognize that § 707(b) does not expressly incorporate an ability-to-pay test. As such, an ability to pay, without more, is an insufficient basis to deny Chapter 7 relief … In this Circuit, the latter position has been adopted. That is, an ability to pay, without more, is an insufficient basis to dismiss a case under § 707(b).

*In re Marshalek*, 158 B.R. 704, 708 (Bankr. N.D.Ohio 1993) (citing *Krohn*, 886 F.2d at 123).

■ In light of this rejection of an ability-to-pay test as the sole determinant, the Court returns to the totality of the circumstances in this case. The U.S. Trustee has submitted no arguments in support of the Motion, outside of the issue of the non-filing spouse's additional income. Further, the facts before the Court reject the suggestion of "substantial abuse" in this case. The Debtor's modest lifestyle, his working two jobs, and the scheduled consumer debts support the proposition that he has filed his bankruptcy petition in a good faith attempt to obtain a fresh start. Particularly, considering the presumption in favor of the Debtor contained in Section 707(b), this Court finds no persuasive evidence that granting the Debtor relief would be a substantial abuse of the provisions of Chapter 7.

■ To meet the burden established in Section 707(b), the U.S. Trustee must prove that the debts in question are con-

sumer debts, and that granting relief would constitute substantial abuse. That burden is to be met by a preponderance of the evidence. In view of the findings herein, that burden has not been met. Under these circumstances, this case does not present prohibitions which would warrant § 707(b) dismissal.

Accordingly, the Motion to Dismiss is hereby denied.

**IT IS SO ORDERED.**