**In re Randall William SNYDER, Debtor.**

**No. 9–05–bk–4851–ALP.**

United States Bankruptcy Court, M.D. Florida, Ft. Myers Division.

Sept. 28, 2005.

Ann T. Frank, Naples, FL, for Debtor.

## ORDER GRANTING UNITED STATES TRUSTEE'S MOTION TO DISMISS CHAPTER 7 CASE

(Doc. No. 19)

ALEXANDER L. PASKAY, Bankruptcy Judge.

THE MATTER before the court arises out of a Motion to Dismiss (Doc. No. 19) the Chapter 7 case of Randall William Snyder (the Debtor) filed by the United States Trustee (Trustee). The Trustee contends that the Debtor's filing constitutes a "substantial abuse," and, therefore, should be dismissed under 11 U.S.C. § 707(b). This Court held a Final Evidentiary hearing on the Trustee's Motion to Dismiss on September 1, 2005 at which the following facts were established.

The Debtor is a gastroentologist employed by the Veterans Administration

who moved to Naples from Scranton, Pennsylvania in November of 2003. His gross annual income from the Veterans Administration is $189,016.92. On or about March 17, 2005, the Debtor filed a voluntary Chapter 7 Petition. He filed his Schedules and Statement of Financial Affairs simultaneously with the Petition. The Debtor's wife earned $47,378.19 in 2004 as a nurse. She is non-filing and refuses to take any part in her husband's bankruptcy. She apparently has threatened to cease working and divorce the debtor, if his bankruptcy has any effect on her.

On November 13, 2003, the Debtor sold his house in Pennsylvania. In December of 2003, he moved to Naples where he bought a house built in 1998 for $430,000.00. The Debtor netted $79,879.90 from the sale of his house in Pennsylvania. After the costs of moving and refurnishing his new house, the balance of those proceeds went toward the down payment on the new house. At the time of the purchase of the new house, the debtor had approximately $180,000.00 of unsecured debt which has since been reduced to $160,992.45. Of the remaining unsecured debt, approximately $60,000.00 is a personal guarantee from his former medical practice and the rest is consumer debt.

The Debtor's Schedule I lists his monthly income as $14,539.84, but admitted at the hearing that he had received an increase to $15,751.41, a discrepancy of $1,211.57 per month. The debtor also listed deductions from his pay for insurance, taxes and alimony. His alimony obligation will end in November of 2005.

Schedule J lists his expenses as totaling $10,114.22, which is not correct and requires some adjustment. The Debtor no longer makes payments for his stepdaughter's automobile or its insurance which reduces his expenses by $352.69. The Debtor also lists health insurance as an expense, however, that can be eliminated because that cost was already listed once as a pay deduction in schedule I. All of these adjustments reduce the debtor's expenses to $9,435.53. Further, the debtor scheduled $600.00 per month for dry-cleaning and $606.00 per month for life insurance, both of which could probably be reduced.

At trial the Debtor proposed some amendments to his budget without ever attempting to amend his schedules. The Debtor proposed, without any factual support, to increase his pay deductions to $5,845.78. He suggested an increase in his electricity expense from $332.00 per month to $353.00 per month, however, the Debtor conceded at trial that in the 12 months before filing he spent an average of $283.58 on electricity. He also adjusted his home maintenance expense from $150.00 to $710.00 and his transportation costs from $450.00 to $1,162.00. The debtor's proposal increased his health insurance from $204.00 to $256.00 and his daycare expense from $125.00 to $258.00.

■ The standards for dismissal of a case under 11 U.S.C. § 707(b) have been litigated extensively and are established by case law. First, this Court must find that the debtor's obligations are "primarily consumer debt" and, second, that granting relief to the Debtor would constitute a "substantial abuse" under Chapter 7. *In re Engskow*, 247 B.R. 314, 316 (Bankr. M.D.Fla.2000). Debts are considered primarily consumer in nature if more than half of the debts are primarily for a family, personal or household purpose. *Id.*

■ When determining "substantial abuse" this Court has established that the proper test is the totality of the circumstances. *Id.* This test requires a look at several factors which are as follows:

(1) Whether the bankruptcy petition was filed because of sudden illness, calamity, disability or unemployment;

(2) Whether the debtor incurred cash advances and made

(3) Consumer purchases far in excess of his ability to pay;

(4) Whether the debtor's proposed family budget is excessive or unreasonable;

(5) Whether the debtor's schedules and statement of current income and expenses reasonably and accurately reflect the true financial condition; and

(6) Whether the petition was filed in good faith.

See In re Gentri, 185 B.R. 368 (Bankr. M.D.Fla.1995); In re Green, 934 F.2d 568 (4th Cir.1991).

The Trustee contends that when determining the totality of the circumstances, it is necessary to look to the spouse's income as well, a proposition that is vehemently opposed by the Debtor.

The Trustee contends further that these factors favor dismissal. The Trustee argues that Debtor has not filed for bankruptcy due to an illness or sudden calamity and, in fact, his obligations have been reduced recently by no longer having to pay malpractice tail insurance, or maintain car payments for his stepdaughter.

Moreover, the Trustee contends that the Debtor has proposed an excessive budget and that the Debtor's Schedules and Statement of Financial Affairs are not true reflections of his financial condition pointing out the debtor's failure to list his increased wages. Also, The Trustee suggests that the $600 dry cleaning and $606 life insurance are overstated. The Trustee points out the large expense for house maintenance even though the house is fairly new, having been built in 1998, and the fact that the Debtor spent $27,000.00 on painting and refurnishing upon moving in. Further, the Trustee calls the Debtor's sudden budget adjustments made during trial "suspect", but since they were made post-discovery has not had the opportunity to investigate their reasonableness.

The Trustee also contends bad faith on the part of the Debtor due to his understated pay and inclusion of an expense for his wife's car, although she maintains separate income. All things considered, the Trustee contends that, including his wife's income and after reasonably reducing his expenses not including the Debtor's last minute adjustments, the Debtor should have a monthly disposable income of $4,840.32.

The Debtor responds that many of his expenses are due to his non-filing wife. He does not provide any explanation for his failure to disclose his pay increase from the Veterans Administration, nor does he explain the increases in expenses that he proposed at trial. However, the Debtor does contend that dismissing his case would create more strain on his expenses and may cause the end of his marriage, which is against the aims of the Bankruptcy Code.

■ It is clear to this Court, and it is not contested by the Debtor, that the Debtor's debts are primarily consumer in nature. Further, it appears that the Debtor has the ability to repay his creditors through means other than bankruptcy. He has a valuable homestead which has increased from $430,000.00 to $600,000.00 in value as of the day of filing his Chapter 7 Petition. The Debtor and is still earning income from the Veterans Administration. In addition to no longer needing to pay malpractice tail insurance or making car payments for his stepdaughter, the Debtor will soon be relieved of his alimony obligation to his ex-spouse. Based on the foregoing, upon taking into consideration the totality of the circumstances, this Court is satisfied that the Trustee's Motion to Dismiss should be granted.

Accordingly, it is

ORDERED, ADJUDGED, and DE-CREED that the United States Trustee's Motion to Dismiss shall be, and the same is hereby granted.